# IN THE SUPREME COURT OF TEXAS

═══════════════
No. 11-0686
═══════════════

TEXAS ADJUTANT GENERAL'S OFFICE, PETITIONER,

v.

MICHELE NGAKOUE, RESPONDENT

══════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS
══════════════════════════════════════════════════════

**Argued December 4, 2012**

JUSTICE LEHRMANN delivered the opinion of the Court, in which CHIEF JUSTICE JEFFERSON, JUSTICE HECHT, JUSTICE GREEN, and JUSTICE DEVINE joined.

JUSTICE BOYD delivered a dissenting opinion, in which JUSTICE JOHNSON, JUSTICE WILLETT, and JUSTICE GUZMAN joined.

Today we determine how various provisions of the Texas Tort Claims Act's [TTCA] election-of-remedies statute interact with one another. *See* TEX. CIV. PRAC. & REM. CODE § 101.106. The statute encourages, and in effect mandates, plaintiffs to pursue lawsuits against governmental units rather than their employees when the suit is based on the employee's conduct within the scope of employment. Section 101.106, in part, bars a suit against a governmental unit absent the unit's consent after a plaintiff sues the unit's employee regarding the same subject matter. However, it also provides that when an employee is sued for acts conducted within the general scope

of employment, and suit could have been brought under the TTCA, then the suit is considered to have been filed against the governmental unit, not the employee. Accordingly, we hold that the plaintiff who brings such a suit against an employee is not barred from asserting a claim against the governmental employer. Further, while the Legislature has set out a procedure for the dismissal of a suit against an employee who was acting within the scope of employment, this procedure is immaterial to whether suit may be maintained against the proper defendant—the government. In this case, the employee was entitled to dismissal as a matter of law because the suit against him undisputedly arose from conduct within the general scope of employment, and suit against the governmental unit should proceed because the plaintiff was entitled to, and did, amend his pleadings to assert a TTCA claim against the government. Accordingly, we affirm the judgment of the court of appeals, although for reasons different from those expressed in its opinion.

## I. Background

Michele Ngakoue sued Franklin Barnum for damages arising out of an automobile accident that occurred in Austin, Texas, alleging that Barnum's negligence caused the accident. At the time of the accident, Barnum was an employee of the Texas Adjutant General's Office (TAGO). Barnum filed a motion to dismiss himself from suit pursuant to section 101.106(f) of the Texas Civil Practice and Remedies Code. That section provides in part that if suit is filed against a government employee in the employee's official capacity, then "[o]n the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant" within thirty days. TEX. CIV. PRAC. & REM. CODE § 101.106(f). Ngakoue filed an amended petition within thirty days entitled "Plaintiff's First Amended Petition

2

& Motion to Dismiss as to Defendant Franklin Barnum," which added TAGO as a defendant but failed in the body of the document to specifically reference or request Barnum's dismissal from the suit. The amended petition alleged that TAGO's sovereign immunity was waived under the TTCA because the claim arose "from the negligent acts and omissions of [Barnum] while [Barnum] was acting in the course and scope of his employment by [TAGO]." The trial court eventually denied Barnum's motion to dismiss.

TAGO subsequently filed a plea to the jurisdiction and motion to dismiss, claiming that Ngakoue failed to comply with the requirements of subsection (f) by not dismissing Barnum in his amended pleading, and arguing that suit against both Barnum and TAGO should be dismissed as a result of that failure. Specifically, TAGO argued that Barnum should be dismissed pursuant to subsection (f), while TAGO itself should be dismissed pursuant to subsection (b). *See id.* § 101.106(b) ("The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents."). The trial court denied TAGO's plea and motion to dismiss, and both TAGO and Barnum timely appealed.

The court of appeals reversed the trial court's order denying Barnum's motion to dismiss. However, the court affirmed the denial of TAGO's plea to the jurisdiction, holding that Ngakoue's failure to comply with subsection (f) did not bar suit against TAGO. More specifically, the court of appeals held that: (1) Ngakoue failed to comply with subsection (f)'s procedural requirement by not properly dismissing Barnum within thirty days of Barnum's motion to dismiss; (2) nonetheless, that

3

failure had no effect on the operation of subsection (b); and (3) subsection (b) does not bar suit against a governmental unit that otherwise falls within the waiver of immunity of the TTCA itself. Thus, because Ngakoue's suit against TAGO arose from its employee's use of a motor vehicle—ostensibly invoking a waiver of immunity under the TTCA—the court concluded that it was not barred by section 101.106(b). *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1). We agree with the court of appeals that Barnum's motion to dismiss should have been granted. We also agree, though for different reasons, that TAGO's plea to the jurisdiction was properly denied.

## II. The Texas Tort Claims Act and Section 101.106: Election of Remedies

"[N]o state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847). This is because lawsuits against the state "hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (citation and internal quotation marks omitted). Accordingly, the doctrine of sovereign immunity "bars suits against the state and its entities" unless the state consents by waiving immunity. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012). "[T]he manner in which the government conveys its consent to suit is through the Constitution and state laws." *Garcia*, 253 S.W.3d at 660. Thus, "'it is the Legislature's sole province to waive or abrogate sovereign immunity.'" *Id.* (quoting *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002)). Because any legislative waiver of immunity must be undertaken "by clear and unambiguous language," statutory

waivers of immunity are to be construed narrowly.  TEX. GOV'T CODE § 311.034; *see also Garcia*,

253 S.W.3d at 655.

The TTCA provides a limited waiver of immunity for certain tort claims against the

government.  *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109.  As is relevant here, the TTCA

imposes liability on a governmental unit for the negligent acts of employees acting in the scope of

employment if the injury claimed "arises from the operation or use of a motor-driven vehicle" and

the employee would have been personally liable under Texas law.  *Id.* § 101.021(1).  The TTCA also

includes a section entitled "Election of Remedies," which contains various provisions addressing

different pleading scenarios and provides:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.
>
> (c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.
>
> (d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.
>
> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.  On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.* § 101.106.  To resolve this case we must analyze the operation of and interaction between the provisions of section 101.106 to determine the consequences of both Ngakoue's election to file suit against Barnum and Ngakoue's actions in response to Barnum's motion to dismiss.

When interpreting a statute, our goal is to ascertain the Legislature's intent.  *In re Lopez*, 372 S.W.3d 174, 176 (Tex. 2012) (orig. proceeding).  The best guide to that determination is usually the plain language of the statute.  *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999).  But we must view the statute as a whole, *id.* at 866, and "[w]e must endeavor to read the statute contextually, giving effect to every word, clause, and sentence," *In re Office of Attorney Gen.*, ___ S.W.3d ___, ___ (Tex. 2013).  We may consider the "object sought to be obtained" by the statute as well as the "consequences of a particular construction."  TEX. GOV'T CODE § 311.023(1), (5); *see also State v. Hodges*, 92 S.W.3d 489, 494 (Tex. 2002).

In *Garcia*, we observed that section 101.106 is intended to "force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Garcia*, 253 S.W.3d at 657.  In turn, section 101.106's election scheme favors the expedient dismissal of

governmental employees when suit should have been brought against the government.[1] *Id.* An early determination of who constitutes the proper defendant "narrows the issues for trial and reduces delay and duplicative litigation costs" by removing a plaintiff's ability "to plead alternatively that the governmental unit is liable because its employee acted within the scope of his or her authority but, if not, that the employee acted independently and is individually liable." *Id.* Thus, when determining the meaning of section 101.106's various provisions, we must favor a construction that most clearly leads to the early dismissal of a suit against an employee when the suit arises from an employee's conduct that was within the scope of employment and could be brought against the government under the TTCA.

Central to the resolution of this case are subsections (b) and (f). Subsection (b) provides that filing any suit against an employee of a governmental unit is an "irrevocable election" that "immediately and forever" bars suit against the governmental unit regarding the same subject matter, "unless the governmental unit consents."[2] TEX. CIV. PRAC. & REM. CODE § 101.106(b). We held in *Garcia* that "consent" under subsection (b) includes statutory waivers of immunity, "provided the procedures outlined in the statute [waiving immunity] have been met." *Garcia*, 253 S.W.3d at 660. Specifically, we held that the plaintiffs' suit against an employee under the Texas Commission on Human Rights Act [TCHRA] did not bar suit against a governmental unit regarding the same subject

---

[1] We have recognized that section 101.106 was originally enacted to address the problem of plaintiffs suing governmental employees rather than the governmental unit itself in order to avoid the damage caps and other restrictions imposed by the TTCA, which apply only to suits against the government. *Garcia*, 253 S.W.3d at 656.

[2] We note that the bar in subsection (b) is not limited to suits under the TTCA, unlike other provisions in section 101.106. *Compare* TEX. CIV. PRAC. & REM. CODE § 101.106(b), *with id.* § 101.106(a), (c), (e), (f) (referring to suits filed or claims arising "under this chapter [the TTCA]").

7

matter because the Legislature had consented to suit via the waiver of immunity contained in that statute.[3]  *Id.*; *see also* TEX. LAB. CODE §§ 21.001–.556 (waiving immunity from suit under the TCHRA). TAGO argues that, pursuant to *Garcia*, "consent" under subsection (b) may only be found in statutory waivers of immunity found outside the TTCA itself.[4]  We disagree.  Nothing in subsection (b)'s language suggests such a limitation, nor did we find one in *Garcia*.  Rather, in that case, the plaintiff's common-law tort claims against the government were barred not because of subsection (b), but because they did not fall within the TTCA's limited waiver of immunity, 253 S.W.3d at 658–59, while the TCHRA claims survived due to the separate waiver of immunity in that statute, *id.* at 660.

Ngakoue thus argues, and the court of appeals held, that because the underlying suit alleged damages resulting from an automobile accident caused by the negligence of an employee acting within the scope of employment, and because the Legislature has waived immunity for such suits under section 101.021(1) of the TTCA, the Legislature has consented to suit and, under *Garcia*, the bar in subsection (b) no longer applies.  ___ S.W.3d at ___.  TAGO responds that consent under subsection (b) requires not just a waiver of immunity, but also strict compliance with the procedures set out in the pertinent statute—in this case, section 101.106(f) of the TTCA.  *See, e.g.*, *Univ. of Tex. Health Sci. Ctr. v. Webber-Eells*, 327 S.W.3d 233, 242 (Tex. App.—San Antonio 2010, no pet.)

---

[3] The Court noted in *Garcia* that "[w]hether Garcia ha[d] taken the necessary procedural steps to perfect her right to sue under the TCHRA is a matter the parties have not addressed."  253 S.W.3d at 660.

[4] There is a split in the courts of appeals on this issue.  *Compare, e.g.*, *Amadi v. City of Houston*, 369 S.W.3d 254, 260–61 (Tex. App.—Houston [14th Dist.] 2011, pet. denied Aug. 30, 2013), *with City of Houston v. Esparza*, 369 S.W.3d 238, 242–43 (Tex. App.—Houston [1st Dist.] 2011, pet. denied Aug. 30, 2013).

(holding that plaintiff's failure to file amended pleadings substituting the governmental unit as a defendant in response to the employee's subsection (f) motion barred subsequent suit against government unit following dismissal). Specifically, TAGO argues, and the dissent would hold, that subsection (f) requires a plaintiff like Ngakoue to both add the governmental unit *and* dismiss the employee in response to a subsection (f) motion to dismiss in order to avoid the bar to suit under subsection (b). Because Ngakoue added TAGO as a defendant but failed to dismiss Barnum, TAGO contends, Ngakoue failed to comply with subsection (f) and the bar applies. As discussed below, we need not reach the issue of whether the Legislature consented to suit under subsection (b) because, independent of the question of consent, subsection (b) simply does not apply here.

As discussed above, the bar in subsection (b) is triggered by the "filing of a suit against any employee of a governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(b). Subsection (f), however, states that "[i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter [the TTCA] against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." *Id.* § 101.106(f). We have recognized that "a suit against a state official is merely 'another way of pleading an action against the entity of which [the official] is an agent.'" *Franka v. Velasquez*, 332 S.W.3d 367, 382 n.68 (Tex. 2011) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (alteration in original). Thus, "[a] suit against a state official in his official capacity 'is *not* a suit against the official personally, for the real party in interest is the entity.'" *Id.* (quoting *Kentucky*, 473 U.S. at 166). "Such a suit," we have noted, "actually seeks to impose liability against the governmental unit rather than on the individual specifically named and

9

is, *in all respects other than name*, a suit against the entity." *Id.* (emphasis added) (citations, quotation marks, and alteration omitted). Thus, pursuant to subsection (f), a suit against a government employee acting within the scope of employment that could have been brought under the TTCA—meaning the plaintiff had a tort claim to assert against the government[5]—is considered to have been brought against the governmental unit, *not* the employee.

Subsection (f)'s express classification of such a suit as one against the governmental unit is not empty language. As discussed in *Franka*, "public employees . . . have always been individually liable for their own torts, even when committed in the course of employment, and suit may be brought against a government employee in his individual capacity" to the extent the employee is not entitled to official immunity.[6] 332 S.W.3d at 383 (internal citations omitted). However, in enacting subsection (f), the Legislature "foreclose[d] suit [under the TTCA] against a government employee in his individual capacity if he was acting within the scope of employment." *Id.* at 381. This furthers one of the primary purposes of both the TTCA generally and section 101.106 in particular—to protect governmental employees acting in the scope of employment. *See Garcia*, 235 S.W.3d at 656–57; *see also Franka*, 332 S.W.3d at 384.

---

[5] In *Franka*, we held that, in the context of section 101.106, a tort claim may be "brought 'under'" the TTCA regardless of whether the TTCA waives immunity for that claim. 332 S.W.3d at 379. However, claims brought against the government pursuant to statutory waivers of immunity that exist apart from the TTCA are not "brought under" the TTCA. *Garcia*, 253 S.W.3d at 659 (quotation marks omitted).

[6] While the doctrine is not implicated in this case, public employees generally may "assert official immunity 'from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority.'" *Franka*, 332 S.W.3d at 383 (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994)).

Further, and in conjunction with that purpose, the Legislature's choice of language in subsection (f) affects its interaction with subsection (b). Again, the bar to suit against a governmental unit in subsection (b) is triggered by the filing of a suit *against an employee* of the unit. TEX. CIV. PRAC. & REM. CODE § 101.106(b).[7] But a suit against an employee in his official capacity is *not* a suit against the employee; it is, in all but name only, a suit against the governmental unit. *Franka*, 332 S.W.3d at 382 n.68; *see also Univ. of Tex. Health. Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 401–02 (Tex. 2011) (holding that a governmental employer may be substituted for the employee under subsection (f) after limitations has run because there is "no change in the real party in interest"). Such a suit therefore does not trigger the bar in subsection (b) to subsequent suits against the governmental unit regarding the same subject matter.

In arguing that the subsection (b) bar was triggered, TAGO relies principally on the second sentence of subsection (f), which provides: "[o]n the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." TEX. CIV. PRAC. & REM. CODE § 101.106(f). TAGO contends, and the dissent would hold, that this provision sets out a specific procedure that must be followed by a plaintiff—dismissal of the employee and addition of the government as defendant within thirty days of the employee's filing

---

[7] Correspondingly, under subsection (a), suit against a governmental unit under the TTCA—i.e., filing a tort claim against the governmental unit—bars suit against an "individual employee" of the unit regarding the same subject matter, regardless of whether immunity has been waived. TEX. CIV. PRAC. & REM. CODE § 101.106(a); *see Harris Cnty. v. Sykes*, 136 S.W.3d 635, 640 (Tex. 2004) (applying the prior version of section 101.106 to bar the plaintiff's claim against a governmental employee even though immunity was not waived under the TTCA for suit against the governmental unit).

11

the motion—to avoid the bar in subsection (b). We disagree. This portion of subsection (f) simply provides a procedure by which an employee who is considered to have been sued only in his official capacity will be dismissed from the suit.[8] When such an employee files a motion to dismiss, he is entitled to dismissal, which will occur in one of two ways: (1) via the plaintiff's amended pleading substituting the governmental unit for the employee as the defendant; or (2) absent such an amended pleading, via the trial court's order granting the employee's motion and dismissing the suit against the employee.[9] *Id.* But subsection (f) does not *require* any affirmative action by the plaintiff.

Thus, while the consequence of failing to substitute the government for the employee in response to an employee's subsection (f) motion to dismiss (assuming the employee was sued in his official capacity) is that "suit against the employee shall be dismissed," *id.*, such failure does not bar subsequent suit against the government. Significantly, the procedure for dismissal of the employee in subsection (f) in no way modifies the remainder of the provision clarifying that, where a tort claim could have been asserted against the governmental unit under the TTCA, a suit against the unit's employee involving conduct within the scope of employment is "considered to be against the employee in the employee's official capacity only"—that is, the suit is "considered to be against" the governmental unit itself, not the employee. *Id.* Instead, subsection (f)'s procedure for dismissal

---

[8] The dissent classifies subsection (f) as an "exception" to the bar in subsection (b) requiring strict compliance with subsection (f)'s procedures. ___ S.W.3d at ___. This construction improperly inserts language into one or both provisions and ignores the fact that, as discussed further below, subsection (f)'s procedures are focused on dismissal of the employee, which is required upon the filing of a motion to dismiss regardless of any further action by the plaintiff.

[9] We therefore do not, as the dissent suggests, construe subsection (f) as "effecting an automatic substitution of the governmental unit for the employee," such that the second sentence of the provision is rendered meaningless. *See* ___ S.W.3d at ___. If only in name, the suit has been brought against the employee, and procedurally the employee still must be dismissed, whether by the plaintiff's amended pleading or the trial court's order on the employee's motion. TEX. CIV. PRAC. & REM. CODE § 101.106(f).

12

independently serves section 101.106's recognized purposes of ensuring early dismissal of governmental employees when suit should have been brought against the government and reducing the expense and delay associated with alternative pleading. *Garcia*, 253 S.W.3d at 657.

The same purposes are served by subsection (e), which applies when suit is filed against both a governmental unit under the TTCA and its employee. TEX. CIV. PRAC. & REM. CODE § 101.106(e). In such cases, "the employee shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.* By filing such a motion, the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party. Further, subsection (e) does not provide for dismissal of the governmental unit, so when the employee is dismissed under that provision, the suit then proceeds solely against the government, assuming immunity is otherwise waived. *See Garcia*, 253 S.W.3d at 659 (where tort claims were asserted against an employee and a governmental employer, and TTCA did not waive immunity for the claims asserted, the employee would nevertheless have been entitled to dismissal on the government's motion, and the TTCA claims against the government would not survive). TAGO is therefore correct in recognizing that, to the extent immunity is otherwise waived under the TTCA, a governmental unit cannot use subsection (b) to foreclose suit against it after having used subsection (e) to dismiss its employee from the suit.[10] *See, e.g.*, *Esparza*, 369 S.W.3d at 248 ("We

___

[10] The dissent appears to agree that suit may proceed against the government when an employee is dismissed on the government's motion under subsection (e). *See* ___ S.W.3d at ___. However, under the dissent's interpretation of subsection (e) as containing procedural requirements that must be strictly followed, a plaintiff who sues both the government and an employee, but voluntarily dismisses the employee without the need for a motion by the government, is barred from proceeding against the government. Such a result is at odds with both the text and the purposes of the statute.

13

reject the City's contention that subsections (b) and (e) apply without reference to each other when a claimant sues both the government and its employee together, thus requiring the dismissal of both defendants.").

In sum, subsection (f) does not require dismissal of the employee by the plaintiff to overcome the bar to suit against the government in subsection (b); rather, subsection (f) provides the TTCA plaintiff a window to amend his pleadings to substitute the governmental unit before the court dismisses the suit against the employee on the employee's motion where appropriate. TEX. CIV. PRAC. & REM. CODE § 101.106(f). If the plaintiff fails to substitute the government, and the employee was sued in his official capacity only, then the case must be dismissed. *Id.* But a suit against the governmental unit for which immunity is otherwise waived may go forward, just as a suit proceeds against the government when an employee is dismissed under subsection (e). Because subsection (f) classifies a suit against the employee who was acting in the scope of employment (where the suit could have been brought under the TTCA) as effectively constituting a suit against the government, and because subsection (f)'s procedural mechanism for dismissal of the employee does not affect this classification, a plaintiff who brings such a suit is not barred by subsection (b) from subsequently pursuing a claim against the governmental unit.[11]

By contrast, TAGO's and the dissent's interpretation attributes to the Legislature a far harsher intent than is expressed in the statute. The dissent would force a plaintiff, who may not be in the position of knowing whether the defendant was acting within the scope of employment when suit

_____

[11] Plaintiffs are still subject to any other limitations with respect to suing the government, such as the statute of limitations or other procedural requirements that must be satisfied under the TTCA.

14

against an employee was filed, to choose whether to proceed against the employee or the governmental unit within thirty days of the filing of a subsection (f) motion to dismiss. However, a plaintiff may not be able to obtain the information necessary to make such a decision within such a short time frame, and an erroneous decision, in the dissent's view, would mean that suit is forever barred. But a central goal of the TTCA as a whole is to allow certain types of suits against the government; as noted above, the current version of section 101.106 became necessary because plaintiffs began suing governmental employees as individuals to avoid the TTCA's limitations. *Garcia*, 253 S.W.3d at 656. Thus, while it makes sense to interpret the section as curtailing suits against employees that could be brought instead against the government, it would be illogical for the election-of-remedies provisions to prohibit the very suits the TTCA authorizes.[12] *See Franka*, 332 S.W.3d at 385 (noting that "restrictions on government employee liability have always been part of the tradeoff for the [TTCA]'s waiver of immunity, expanding the government's own liability for its employees' conduct"). The provisions of section 101.106 provide a number of avenues for dismissal of governmental employees and avoidance of duplicative litigation, but they generally favor a suit against the governmental unit when appropriate rather than wholesale dismissal of a plaintiff's otherwise-meritorious suit.

___

[12] We disagree with the dissent that our interpretation of the statute renders subsection (b) meaningless. Unlike subsection (b), subsection (f) applies only to suits that could have been brought under the TTCA. TEX. CIV. PRAC. & REM. CODE § 101.106(b), (f). While subsection (f) does mitigate the harsh consequences imposed by subsection (b) with respect to TTCA claims, that determination was made by the Legislature in choosing the language to include in subsection (f) in furtherance of the purposes of the statute.

### III. Application

In this case, Ngakoue originally elected to sue only Barnum, a TAGO employee. Barnum moved to dismiss under subsection (f), asserting he was acting within the scope of employment and that suit could have been brought under the TTCA. Once Barnum filed his motion to dismiss, Ngakoue faced a choice: (1) dispute that Barnum acted in his official capacity and urge the court to deny Barnum's motion to dismiss, thus pursuing his claims against Barnum alone; or (2) pursue his claim against TAGO, the governmental unit, which would in turn end his suit against Barnum. Ngakoue elected the latter, alleging in his amended petition that "Barnum was acting in the course and scope of his employment by [TAGO]" and that TAGO's sovereign immunity was waived under the TTCA. By this election, Ngakoue implicitly conceded that he had sued Barnum in his official capacity only and that dismissal under subsection (f) was therefore appropriate. The trial court accordingly erred in denying Barnum's motion to dismiss.

However, because Ngakoue's suit was brought against Barnum in his official capacity only, the suit did not trigger the bar in subsection (b) to a TTCA suit against TAGO, nor did Ngakoue's failure to dismiss Barnum in Ngakoue's amended petition. Because the result contemplated by subsection (f) in this situation is dismissal of Barnum (the employee), TAGO (the governmental unit) properly remains as the sole defendant.[13] Had the trial court properly granted Barnum's motion to

---

[13] The dissent asserts that this holding belies our previous statement that suit against the employee must be dismissed if the plaintiff fails to amend his pleadings to dismiss the employee in response to the employee's motion. ___ S.W.3d at ___. Because Ngakoue added TAGO as a defendant before the trial court ruled on Barnum's motion, dismissal of the suit against Barnum, but not TAGO, is appropriate.

dismiss, section 101.106's primary purpose—ensuring that suit proceeds against the proper governmental defendant early in the litigation—would have been satisfied.

## IV. Conclusion

We hold that Barnum was entitled to dismissal under subsection (f) as a matter of law because it is undisputed that the suit against Barnum was based on conduct within the general scope of his governmental employment and could have been brought against TAGO under the TTCA. TAGO was not entitled to dismissal, however, because subsection (b) does not apply when an employee is considered to have been sued in his official capacity only, and because immunity was otherwise waived under the TTCA. Accordingly, the trial court correctly denied TAGO's motion to dismiss, and we affirm the judgment of the court of appeals.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** August 30, 2013

17