

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 15, 2016

The Honorable Rodolfo V. Gutierrez
Jim Hogg County Attorney
Post Office Box 847
Hebbronville, Texas 78361

Opinion No. KP-0110

Re: Whether section 49.052 of the Water Code disqualifies an employee of the county attorney's office from serving as a member of the board of a water control and improvement district in the same county, when the county attorney also provides professional legal services to the water district (RQ-0102-KP)

Dear Mr. Gutierrez:

You ask whether section 49.052 of the Water Code disqualifies an employee of the county attorney's office from serving as a member of the board of a water control and improvement district in the same county, when the individual serving as county attorney provides professional legal services to the water district in a private capacity.[1] You tell us the employee is an investigator with the Jim Hogg County Attorney's office and was so employed prior to your taking office as county attorney. *See* Request Letter at 2. You also tell us that the employee is paid by the county, pursuant to a budget requested by you. *See id.* You tell us further that the employee is not employed by you "in any matters pertaining to [your] private law practice, which includes representation of the Water District on a retainer basis." *Id.* You state that the employee's name will be on the ballot for the May 7, 2016 water district election.[2] *See id.* You question whether the employee, if elected and if still employed by the county attorney's office, would be disqualified from service on the district's board by section 49.052. *See id.*

Chapter 49 of the Water Code applies generally to all general and special law water districts.[3] *See* TEX. WATER CODE §§ 49.001–.512 (titled "Provisions Applicable to All Districts");

---

[1]*See* Letter from Honorable Rodolfo V. Gutierrez, Jim Hogg Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Mar. 16, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]In a telephone call to your office, you explained that the candidate was unsuccessful but that you still desire the opinion because it is likely this scenario will arise again. Telephone conference with Honorable Rodolfo V. Gutierrez, Jim Hogg Cty. Att'y (May 11, 2016).

[3]You do not ask us to make a determination about whether section 49.052 applies to the district in question. For purposes of this opinion, we presume that it does.

*but see id.* § 49.052(f) (providing for specified exceptions to the application of section 42.052). Section 49.052 disqualifies a person from serving as a member of a board of certain water districts, "if that person . . . is an employee of *any* developer of property in the district or any director, manager, engineer, *attorney*, or other person *providing professional services to the district.*" *Id.* § 49.052(a)(2) (emphasis added).

Turning to your question, we note that the goal of statutory construction is to "ascertain the Legislature's intent." *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 354 (Tex. 2013). "The best guide to that determination is usually the plain language of the statute." *Id.*

Subsection 49.052(a)(2) includes within its disqualification an employee of *any* attorney providing professional services to a district. TEX. WATER CODE § 49.052(a)(2). You tell us this person is an employee of the county attorney, thus we need only consider the scope of the phrase "any attorney." The term "any" is defined to mean "[s]ome; one out of many; . . . and is given the full force of 'every.'" *Beck v. Craven*, 360 S.W.2d 827, 830–31 (Tex. Civ. App.—Houston [1st Dist.] 1962, no writ) (internal quotation marks omitted)); *see also City of Austin v. Salyer*, 441 S.W.2d 862, 865 (Tex. Civ. App.—Austin 1969, writ ref'd n.r.e.). On its face, the statute makes no distinction between an attorney providing professional services solely to a district and an attorney working in dual roles, only one of which involves providing professional services to a district. Absent such a distinction, a court would likely construe subsection 49.052(a)(2) to disqualify an employee of an attorney who provides professional legal services to a district, even if the employee serves the attorney in a role that does not include the provisions of legal services to the district.

## S U M M A R Y

A court would likely construe subsection 49.052(a)(2) of the Water Code to disqualify an employee of the county attorney from serving as a member of the board of a water control and improvement district in the same county, when the county attorney also provides professional legal services to the water district.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee