**Affirmed and Opinion Filed June 3, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00273-CV**

**CAROLYN S. THOMAS, Appellant**
**V.**
**DALLAS HOUSING AUTHORITY, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-00824**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Appellant Carolyn S. Thomas challenges the trial court's April 12, 2021 order granting appellee Dallas Housing Authority's plea to the jurisdiction and dismissing Thomas's claims for lack of subject matter jurisdiction. In a single issue, Thomas contends the trial court erred by granting the plea and dismissing her claims with prejudice. We affirm.

## Background

Thomas resides in an apartment managed by the Dallas Housing Authority (the DHA). Over time she has reported numerous instances of alleged misconduct by DHA. She contends that DHA has retaliated against her for making those reports.

Thomas filed this suit pro se, alleging a number of legal claims, most of which she stated were being "deferred" for later explanation.[1] The clear premise of her original pleading is her claim of "constant retaliatory measures against me taken by Dallas Housing Authority." Thomas filed one addendum to her original petition, specifically pleading claims for retaliation and intentional infliction of emotional distress.

DHA filed its plea to the jurisdiction, alleging that Thomas's claims were barred by governmental immunity and therefore should be dismissed. The trial court granted the plea and dismissed Thomas's claims with prejudice.

This appeal followed.

---

[1] Thomas's original petition listed the following causes of action:

1. Continuous Breach of Lease/Contract—Deferred to Addendum to be entered into the Court at later date.

2. Fraudulent Claims— Managers were unwilling to enforce rules put forth in contract. The rest is deferred to Addendum to be entered at later date.

3. Extreme Negligence by Management. Due to ongoing investigation (I hope), Plaintiff is limited in discussing this, although the magnitude is such that it warrants my concern for the future of my now relatively good health.

4. Intentional Infliction of Emotional Distress/Specifics to be deferred.

5. Threatening the Safety of Surrounding Community and City as a Whole (encouraging young children and youth gangs within the complex to bully, harass, and intimidate tenants (including Plaintiff) that report their wrong doings to the proper authority. This type of encouragement emboldens the youth gangs to go out into surrounding communities to beat and rob citizens of these areas.)

6. Conspiracy/Specifics to be deferred.

## The DHA's Plea to the Jurisdiction

Thomas contends that the trial court erred by granting DHA's plea. She responded to the plea in the trial court below with this statement:

> JURISDICTION: Defendant's attorney claims this court has no jurisdiction over the subject matter that Plaintiff has entered into the court. I am sure the court knows where its jurisdiction starts and end[s]. I contacted over forty of the court's mediators, I assume that they were all lawyers. None seemed to have a court jurisdictional problem.
>
> Government Code. Title 2. Judicial Branch Subtitle A. Courts-Chapter 24. 007. JURISDICTION. (a) The district court has the jurisdiction provided by Article V, Section 8, of the Texas Constitution. (b) A district court has original jurisdiction of a civil matter in which the amount in controversy is more than $500.
>
> Sec. 24,008. Other Jurisdiction: The district court may hear and determine any cause that is cognizable-by courts of law or equity.
>
> I, Plaintiff/Relator have the right to file suit and to a fair and just hearing.

In this Court, Thomas again speaks to the statutory jurisdiction of the district court. However, she does not address the fundamental basis of DHA's plea to the jurisdiction: governmental immunity.

Our starting point is the settled premise that in Texas, a governmental unit is immune from civil liability unless the Legislature has waived immunity. *Dallas Cnty. Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex. 1998). Governmental immunity from suit defeats a trial court's subject matter jurisdiction for lawsuits against governmental units and is properly asserted in a plea

to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex. 2004).

Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Id.* at 226. When, as here, a plea to the jurisdiction challenges the pleadings, we determine whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* We construe the plaintiff's pleadings in favor of jurisdiction, we look to the plaintiff's intent, and we accept the facts alleged as true. *Id.* at 226, 228. "To prevail, the party asserting the plea must show that, even if the allegations in plaintiff's pleadings are taken as true, there remains an incurable jurisdictional defect on the face of the pleadings depriving the trial court of subject matter jurisdiction." *Hous. Auth. of City of Dallas v. Killingsworth*, 331 S.W.3d 806, 810 (Tex. App.—Dallas 2011, pet. denied).

It is undisputed that DHA is a governmental unit. *See* TEX. LOC. GOV'T CODE ANN. § 392.006.[2] DHA's plea argued that the trial court lacked subject matter jurisdiction in this case for two reasons: (1) Thomas's claims are not among those for which the Texas Legislature has waived governmental immunity, and (2) Thomas's claims—retaliation and intentional infliction of emotional distress—are

---

[2] Section 392.006 states:

For all purposes, including the application of the Texas Tort Claims Act (Chapter 101, Civil Practice and Remedies Code), a housing authority is a unit of government and the functions of a housing authority are essential governmental functions and not proprietary functions.

intentional torts, for which governmental immunity is not waived.[3] We conclude that both grounds support the trial court's order granting the plea.

First, the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. ch. 101, waives governmental immunity only in certain specific circumstances: claims arising from the operation or use of motor-drive vehicles or equipment, *id.* § 101.021(1); claims caused by the condition or use of tangible personal or real property, *id.* § 101.021(2); and claims arising from premises defects, *id.* § 101.022. No allegation raised in Thomas's pleadings involves DHA's use of motor vehicles or equipment, or DHA's use of its personal or real property, or defects in DHA's premises. The Texas Supreme Court has instructed that statutory waivers of immunity are to be construed narrowly. *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013). Thomas's claims do not fall within the narrow waivers of the Tort Claims Act. CIV. PRAC. & REM. §§ 101.021, 101.022. Thus, the Legislature has not waived immunity for her claims.

Second, the Act specifically states that its waivers of immunity do not apply to claims "arising out of assault, battery, false imprisonment, or any other intentional tort." *Id.* § 101.057(2). Thomas's pleadings allege concerted retaliatory conduct that

---

[3] We limit our consideration to Thomas's claims of retaliation and intentional infliction of emotional distress because the record indicates she never supplemented her pleadings with allegations sufficient to state claims for any other tort or for breach of her lease.

We note that Thomas has continued to raise new factual allegations throughout her briefing in this Court. However, we may not consider factual assertions that appear solely in briefs and are not supported by the record made in the trial court. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006).

has been directed by DHA and that employs networks of individuals (including DHA employees, gang members, and fellow tenants) and entities (including banks and real estate agencies) to engage in continuous harassment of Thomas. We accept these factual allegations as true. *See Miranda,* 133 S.W.3d at 228. We conclude that Thomas has pleaded an intentional tort of retaliation. *See San Antonio Hous. Auth. Found., Inc. v. Smith*, No. 04-10-00759-CV, 2011 WL 3627699, at *3 (Tex. App.—San Antonio Aug. 17, 2011, no pet.) (mem. op., not designated for publication) (plaintiffs, who alleged housing authority damaged and destroyed their personal property because plaintiffs complained about mold in their housing unit, pleaded intentional tort of retaliation). However, Thomas is statutorily precluded from asserting retaliation against DHA. *See id.* (citing CIV. PRAC. & REM. § 101.057(2)). Likewise, intentional infliction of emotional distress is an intentional tort for which governmental immunity has not been waived. *Dallas Cnty. Sch. v. Vallet*, No. 05-16-00385-CV, 2016 WL 7163824, at *5 (Tex. App.—Dallas Dec. 8, 2016, no pet.) (mem. op.) (plaintiff's claim for intentional infliction of emotional distress is intentional tort for which immunity has not been waived under Tort Claims Act). We conclude that, on this second ground as well, any waiver of immunity found in the Tort Claims Act does not apply to Thomas's claims.

We conclude the trial court did not err when it granted DHA's plea to the jurisdiction. Thomas's claims were barred by governmental immunity; the trial court lacked subject matter jurisdiction to hear them.

## Conclusion

We affirm the trial court's order granting appellee DHA's plea to the jurisdiction and dismissing Thomas's claims with prejudice.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

210273f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CAROLYN S. THOMAS, Appellant

No. 05-21-00273-CV     V.

DALLAS HOUSING AUTHORITY, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-00824. Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Dallas Housing Authority recover its costs of this appeal from appellant Carolyn S. Thomas.

Judgment entered this 3rd day of June, 2022.