# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-21-00131-CV

**Hannah R. Tanner, Appellant**

**v.**

**Texas State University, Appellee**

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. 17-0354, THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

On remand, the Texas Supreme Court directed this Court to consider the following "question of law":  Does Section 101.106 of the Texas Tort Claims Act excuse Hannah Tanner from separately serving Texas State University in this case?  *See Texas State Univ. v. Tanner*, 689 S.W.3d 292, 303 (Tex. 2024).  I would conclude that, in this case, it does.  Therefore, I respectfully dissent.

After Tanner served Texas State University (the University), the University filed an answer, in which it asserted that Tanner's claims against it were barred by limitations and that it had "full sovereign immunity both from suit and from liability, save only to the extent of the partial waiver of same given by the Texas Tort Claims Act."  The University *also* filed a motion to dismiss its employee, Dakota Scott, pursuant to Section 101.106(e) of the Texas Tort

Claims Act. *See* Tex. Civ. Prac. & Rem. Code § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."). By moving to dismiss the claims against Scott under Section 101.106(e), the University "judicially admitted that [Scott] was acting in the scope of employment and agreed to vicariously defend [him]." *See Ledesma v. City of Houston*, 623 S.W.3d 840, 848 (Tex. App.—Houston [1st Dist.] 2020, pet. denied); *see also Texas Dep't of Pub. Safety v. Deakyne*, 371 S.W.3d 303, 311 (Tex. App.—San Antonio 2011, pet. denied) ("We hold that when a plaintiff sues both the governmental unit and its employee, and the governmental unit moves to dismiss its employee under section 101.106(e) the governmental unit becomes the elected defendant . . . ."). Under these circumstances, separate service on the University, which had voluntarily substituted itself for Scott by filing a Section 101.106(e) motion to dismiss, was not required to cause it to become the defendant against whom Tanner's claims were asserted.

By filing a motion to dismiss pursuant to Section 101.106(e), "the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party." *Texas Adjutant Gen.'s Off. v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013). The Texas Tort Claims Act provides that a governmental unit is liable for personal injury "caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment" under certain defined circumstances, *see* Tex. Civ. Prac. & Rem. Code § 101.021 (Governmental Liability), and waives the governmental unit's sovereign immunity "to the extent of liability created by" the statute, *id.* § 101.025 (Waiver of Governmental Immunity; Permission to Sue). Therefore, by filing the motion to dismiss, the University confirmed that Scott was acting within the scope of his employment and,

2

consequently, that it was liable for damages resulting from any qualifying conduct, for which the statute waived its immunity. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003) (consent to suit must ordinarily be found in constitutional provision or legislative enactment). As the Texas Supreme Court has explained, "subsection (e) does not provide for dismissal of the governmental unit, so when the employee is dismissed under that provision, the suit then proceeds solely against the government, assuming immunity is otherwise waived." *Ngakoue*, 408 S.W.3d at 358 (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)). Here, the effect of the University's filing of the motion to dismiss was that Tanner's suit against it could proceed to the extent that her claims fell within the scope of the Texas Tort Claims Act's waiver of immunity; i.e., that her damages were caused by Scott's qualifying conduct. *Cf. Garcia*, 253 S.W.3d at 659 (holding that when tort claims were asserted against employee and governmental employer for which Texas Tort Claims Act did not waive immunity, employee would be entitled to dismissal and tort claims against government would not survive). Under these circumstances, Tanner's failure to timely serve the University, which might otherwise have created a jurisdictional impediment to her suit against the governmental unit, does not operate to bar her claims.

Accordingly, I would conclude that Section 101.106 excuses Tanner from separately serving the University and that the relevant inquiry is whether her service on Scott was timely. I would, therefore, reach the issue the Court does not. For these reasons, I respectfully dissent.

3

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Filed:   June 11, 2025