# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-23-00653-CV

**Bruce Feltner, Appellant**

**v.**

**Texas Military Department, Appellee**

### FROM THE 455TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-23-002961, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Bruce Feltner appeals the trial court's order dismissing Jeff Hunt from the case under an election-of-remedies provision in the Texas Tort Claims Act (TTCA).  *See generally* Tex. Civ. Prac. & Rem. Code §§ 101.001-.109.  Because Feltner filed suit against a governmental unit and its employee Jeff Hunt, we affirm the order of dismissal.

## BACKGROUND

Feltner's grandfather gifted him a collection of World War I memorabilia that had belonged to Feltner's great-grandfather.  In 2015, Feltner's father, Carl, signed a deed of gift and donated the collection to the Texas Military Forces Museum located at Camp Mabry.  The accession paperwork reflects that it was received by Jeff Hunt, the Director of the Museum. The Camp Mabry address on the paperwork has Texas Adjutant General's Department in all caps as the first line and the Texas Military Forces Museum as the second.  *See* Tex. Gov't

Code § 437.0011 ("A reference in other law to the adjutant general's department means the Texas Military Department."). In 2022, Feltner learned about Carl's donation and contacted the Museum to get it back. Hunt, still the Director, said the Museum would not release the collection. His email, from an "army.mil" address, explained that the deed of gift was unconditional, and the material donated "falls within the scope of our collection, and represents the only World War I material we have related to that particular unit." Feltner, via counsel, sent a demand letter. It contained an affidavit from Carl, swearing that he donated the collection, which was his son Bruce's personal property, without Bruce's knowledge or consent. The affidavit incorporated the accession document the Museum had provided to Carl that listed the items in the donated collection.

After several demand letters were sent to Hunt, to the Museum's post office box, and to the Office of the General Counsel at Camp Mabry, Feltner filed suit against "Jeff Hunt (Manager, Texas Military Forces Museum) and Texas Military Forces Museum," alleging the common law tort of conversion. Feltner identified the Museum as a 501(c)(3) non-profit corporation. Feltner pleaded the conversion elements: Feltner legally possessed the collection; Hunt and the Museum wrongfully exercised dominion and control of it; Feltner demanded they return it; and they have not returned it. *See Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 341 (Tex. App.—Austin 2004, no pet.).

Hunt and the Texas Military Department filed an Original Answer asserting (1) Hunt was not a proper party to the suit because Hunt is employed by a "governmental unit" as defined in the TTCA and Hunt had acted within the general scope of his employment; and (2) the Texas Military Department (misnamed in Feltner's pleading as the Texas Military Forces Museum) was itself entitled to sovereign immunity from suit and liability. *See* Tex. Civ. Prac. &

2

Rem. Code § 101.106(e) (in suit filed under TTCA against both governmental unit and employee, employee shall immediately be dismissed on filing of motion by governmental unit); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224-25 (Tex. 2004) (governmental unit is immune from suit unless TTCA expressly waives immunity).

The Texas Military Department thereafter filed a Motion to Dismiss Defendant Jeff Hunt pursuant to Section 101.106(e) of the Texas Civil Practice and Remedies Code and a Motion to Amend the Style of the Case to *Bruce Feltner v. Texas Military Department*. "After motion and responses, hearing argument from the parties, and reviewing the evidence," the trial court granted the motions, dismissed Hunt pursuant to Section 101.106(e), and amended the style of the case to *Bruce Feltner v. Texas Military Department*.

The Texas Military Department next filed a Rule 91a motion to dismiss and a plea to the jurisdiction asserting a lack of subject matter jurisdiction on the grounds of sovereign immunity, which the trial court granted.

Feltner appeals from the trial court's order granting the Section 101.106(e) motion to dismiss Hunt from the case.

## ANALYSIS

### *Dismissal of Hunt under Section 101.106(e)*

Feltner argues that when Carl donated the collection in 2015, Hunt worked for either the 501(c) non-profit corporation of the Texas Military Forces Museum, or the Texas Military Forces Historical Foundation—but neither operated as a legal entity at that time, and neither was created by the Texas Military Department or any other governmental entity. And, argues Feltner, at the time of the conversion, Hunt worked for the Texas Military Forces Historical

3

Foundation that should have had its charter revoked in February 2022—before he (Feltner) sent his demand letters, and so Jeff Hunt committed conversion in an individual capacity and cannot enjoy any kind of qualified immunity.

*Applicable Law and Standard of Review*

"The [TTCA] provides a limited waiver of immunity for certain tort claims against governmental entities and caps recoverable damages." *Tanner v. Texas State Univ.*, ___ S.W.3d ___, No. 03-21-00131-CV, 2025 WL 1648343, at *3 (Tex. App.—Austin June 11, 2025, pet. filed) (citing Tex. Civ. Prac. & Rem. Code §§ 101.021, .023, .025). "To prevent plaintiffs from circumventing the Act's damages cap and other restrictions by suing governmental employees, the Legislature enacted an election-of-remedies provision." *Id*. "The Legislature has structured that provision 'to prevent a plaintiff from pursuing alternative theories against both the employee and the governmental unit through trial or other final resolution.'" *Id*. (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008)).

One election-of-remedies section provides as follows: "If a suit is filed under [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e). "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the TTCA]' for purposes of section 101.106." *Garcia*, 253 S.W.3d at 659. "By filing such a motion, the governmental unit effectively confirms the employee was acting within the scope of employment

4

and that the government, not the employee, is the proper party." *Texas Adjutant Gen.'s Off. v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013).

A motion to dismiss under Section 101.106 is a challenge to the trial court's subject-matter jurisdiction, which is reviewed de novo on appeal. *Garza v. Harrison*, 574 S.W.3d 389, 400 (Tex. 2019).

*Application*

Whether the trial court properly dismissed Hunt from the case under Section 101.106(e) turns on whether Feltner's suit was filed against a governmental unit and its employee. Tex. Civ. Prac. & Rem. Code § 101.106(e). If it was, then the Texas Military Department's motion to dismiss Hunt under subsection (e) of the Act's election-of-remedies provision confirmed Hunt's status as an employee and triggered his right to dismissal from the lawsuit. *See University of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 538 (Tex. 2017); *Ngakoue*, 408 S.W.3d at 358. As the Texas Supreme Court has explained, the purpose of the TTCA's election-of-remedies provision is "to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Garcia*, 253 S.W.3d at 657.

The Texas Civil Practice and Remedies Code defines "governmental unit" in relevant part as "this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts" and "any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution." Tex. Civ.

5

Prac. & Rem. Code § 101.001(3)(A), (D). "Employee" means "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control." *Id*. § 101.001(2).

The trial court was provided with evidence on the issue. After the Texas Military Department filed its original answer and motion to dismiss, Feltner responded. Feltner referenced and included Texas Secretary of State documents and claimed that the Texas Military Museum is not a subsidiary of the Texas Military Department, but rather is the Texas Military Forces Historical Foundation[1]; the Foundation lost its charter in 2014[2]; there is no evidence that the Foundation's charter has been reinstated since then, so the Foundation still has no legal existence in Texas. Therefore, Feltner contended, when he sent demand letters to Jeff Hunt and the Texas Military Forces Museum, he was sending demand letters to, at best, a non-compliant 501(c)(3) organization with no legal existence in Texas. So, argued Feltner, his suit was not filed against a governmental unit and its employee; Hunt was not acting in an official capacity when he refused to return the collection.

The Texas Military Department filed a supplemental brief in support of its motion to dismiss Hunt. It asked the trial court to take judicial notice of public records and attached the

---

[1] Feltner offered the May 2008 Articles of Amendment to the 1992 Articles of Incorporation of the Texas Military Forces Museum, changing the name of the corporation to "The Texas Military Forces Historical Foundation."

[2] Feltner offered a 2018 letter from the Texas Comptroller stating the Foundation's charter was forfeited in March 2014 for failure to file reports required of non-profits and so had "no legal existence in Texas."

6

Department's September 2017 Self-Evaluation Report to the Sunset Advisory Commission as well as the Foundation's tax returns to show that: the Texas Military Department controls the Museum; Hunt is the manager of the Museum; the Texas Military Department controls the employment of Hunt; Hunt is a full-time employee of the Texas Military Department and his salary is paid with State funds; and the Texas Military Department controls the Museum's relationship with the Foundation, which is a tax-exempt fundraising arm with no authority over the Museum. Therefore, the Department argued, Feltner's suit was filed against a governmental unit and its employee; Hunt was acting in an official capacity when he refused to return the collection.

In his brief, Feltner discounts the Department's Report. He states, "The report does mention the Texas Military Forces Museum and the Texas Military Forces Historical Foundation and discusses the relationship between the entities, but it in no way creates them, so the citation, for our purposes, is immaterial."

But neither how the Museum or the Foundation were created nor whether they are in good graces with the Secretary of State is dispositive to the issue of whether the entity—whose employee accepted the collection and then refused to return it—is a governmental unit under the TTCA. That entity can qualify as a governmental unit if (1) it is an institution, agency, or organ of government and (2) it derives its status and authority as such from the Texas Constitution or statutes. Tex. Civ. Prac. & Rem. Code § 101.001(3)(A), (D); *cf. CPS Energy v. Electric Reliability Council of Tex.*, 671 S.W.3d 605, 614 (Tex. 2023) (holding that even private, non-governmental entity can qualify as governmental unit under this definition if it operates as part of larger governmental system and performs uniquely governmental function such as utilities regulation).

And it is clear from Texas statutes that the entity whose employee accepted the collection and then refused to return it—the Texas Military Department—is a governmental unit.

The Texas Military Department is a governmental unit under the TCCA because it is a state agency which derives its status and authority as such from statutes. Tex. Civ. Prac. & Rem. Code § 101.001(3)(A), (D); Tex. Gov't Code § 437.001(13) ("Texas Military Department" means "the state agency charged with administrative activities in support of the Texas military forces."). One of the Texas Military Department's statutorily defined operations is to preserve all historically significant military records or property in an institution—the Texas Military Forces Museum. Tex. Gov't Code § 437.106 ("Except as provided by other law and in accordance with all applicable federal and state requirements, the department shall preserve all historically significant military records or property in the Texas Military Forces Museum."). This statute was added in 2013—before the donation of the collection—when the Texas Legislature added Chapter 437 to the Texas Government Code. *See* Act of May 23, 2013, 83rd R.S., ch. 1217, § 1.01, sec. 437.106, 2013 Tex. Gen. Laws 3032, 3039, 3072 (effective date September 1, 2013).

Feltner further asserts that the only evidence that Hunt works for the Texas Military Department is one sentence in the Report, which states that the "director works for the Garrison Commander" and "[t]hat's not really proof that Jeff Hunt works for the Texas Military Department."

But as the Texas Military Department notes, and as is provided in the organizational chart in the Report, the Garrison Commander reports to the Adjutant General, who is the head of the agency. *See* Tex. Gov't Code §§ 437.001(2), 003(a), 052 ("adjutant general" means "the military commander of the Texas military forces"; "adjutant general is subordinate only to the governor in matters pertaining to the Texas military forces"; "adjutant general is the governing officer, policy maker, and head of the department"). Even if that were not so, the Texas Military Department's motion to dismiss Hunt under subsection (e) of the Act's election-of-remedies

8

provision confirmed Hunt's status as an employee and triggered his right to dismissal from the lawsuit. *See Rios*, 542 S.W.3d at 538; *Ngakoue*, 408 S.W.3d at 358. This is true whether or not immunity is waived under the TTCA for suit against the governmental unit. *Garcia*, 253 S.W.3d at 658; *Tanner*, 2025 WL 1648343, at *6.

We overrule Feltner's sole argument.

## CONCLUSION

Because Feltner filed suit against a governmental unit and its employee Hunt, and the governmental unit filed a motion to dismiss Hunt, we affirm the order of dismissal.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed: October 10, 2025

9