**Opinion issued September 1, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-01071-CV

———————————

**THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, BELLA PATEL, M.D., F.C.C.P., RICHARD W. SMALLING, M.D. PHD, RACHSHUNDA MAJID, M.D., AND FRANCISCO FUENTES, M.D., Appellants**

**V.**

**TOMAS G. RIOS, M.D., Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-23764**

---

## O P I N I O N

Appellee, Tomas G. Rios, M.D., filed suit against appellants, The University

of Texas Health Science Center at Houston ("UT Health"), Bella Patel, M.D.,

F.C.C.P., Richard W. Smalling, M.D. PhD, Rachshunda Majid, M.D., and Francisco Fuentes, M.D. Appellant claimed injury from allegedly defamatory statements, which he asserted resulted in, among other things, the withdrawal of an offer to work a second year of residency with UT Health. The individual doctors brought a motion to dismiss. The trial court denied their motion to dismiss. They now bring this interlocutory appeal. In one issue, the individual doctors argue that the trial court was compelled to dismiss them from the suit.

We affirm.

## Background

On April 24, 2015, Rios brought suit against UT Health and the individual doctors. Rios alleged in his original petition that he had accepted a one-year appointment with UT Health in 2013. During that year, he wrote a complaint to the UT Health "compliance office reporting issues relating to patient endangerment, quality improvement, and other issues that were present during his overnight calls." He alleged that, following this complaint, UT Health and the individual doctors took steps to discredit him, to publish false statements about him, and to interfere with his current and future employment. He asserted a claim of breach of contract against UT Health. He asserted claims of tortious interference with existing contract, tortious interference with future relations, and defamation against UT Health and the individual doctors.

2

After answering, UT Health filed a plea to the jurisdiction, and the individual doctors filed motions to dismiss. In their motion to dismiss, the individual doctors asserted that Rios had received a one-year appointment "to the Cardiovascular Disease Training Program." "[The] appointment was made to The University of Texas System Medical Foundation . . . which was [Rios]'s employer." The doctors asserted that, "[p]ursuant to its regular practice, the Program issued a reappointment letter to [Rios] for the following appointment year." The reappointment was rescinded, however, due to a "lack of minimum competencies essential for continuation in the program."

In its plea to the jurisdiction, UT Health asserted that it was part of the University of Texas System, which is a governmental entity. Based on this, UT Health asserted that it had governmental immunity and that, accordingly, Rios's claims against it were barred. In their motion to dismiss, the individual doctors asserted that, because Rios had asserted tort claims against UT Health and them, the trial court was statutorily required by the Texas Tort Claims Act to dismiss the individual doctors from the lawsuit and proceed against UT Health only. UT Health and the individual doctors attached evidence of Rios's employment arrangement but did not attach any evidence of the individual doctors' employment arrangements.

Rios filed an amended petition. In the amended petition, he asserted his claims of tortious interference with existing contract, tortious interference with

3

future relations, and defamation against the individual doctors only. His only claim against UT Health in the amended petition was for breach of contract. Rios also added a Section 1983 claim against the individual doctors in his amended petition.

UT Health and the individual doctors amended their plea to the jurisdiction and motions to dismiss. Their arguments in the motions remained the same, but their motions referred to Rios's amended petition instead of his original petition.

Rios filed a response to the plea to the jurisdiction and motions to dismiss. In it, Rios pointed out that there was no proof that the individual doctors were employees of UT Health. Accordingly, Rios argued, the individual doctors failed to establish that they were entitled to be dismissed from the suit. Rios raised this same argument at the hearing on the motions. The trial court dismissed Rios's breach of contract claim against UT Health but denied the remainder of the motions.

**Texas Tort Claims Act**

In their sole issue, the individual doctors argue the trial court was compelled to dismiss them from the suit.

**A.      Standard of Review**

A trial court's order on a motion to dismiss is commonly reviewed under an abuse of discretion standard. *Fink v. Anderson*, 477 S.W.3d 460, 465 (Tex. App.— Houston [1st Dist.] 2015, no pet.) (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001)). "However, the proper standard of

4

review is not necessarily determined by the caption of the motion to which the order relates, rather it is determined by the substance of the issue to be reviewed." *Id.* (citing *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied)).

Here, the motions to dismiss raised the issue of immunity. *See Franka v. Valasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011) (stating that Section 101.106 of Texas Tort Claims Act confers immunity in some instances to employees of governmental units); *Fink*, 477 S.W.3d at 465 (same). If immunity applies, the trial court lacks subject-matter jurisdiction over the case. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Webber–Eells*, 327 S.W.3d 233, 240 (Tex. App.—San Antonio 2010, no pet.). Subject-matter jurisdiction is a question of law, which we review de novo. *Miranda*, 133 S.W.3d at 226. Likewise, matters of statutory construction are reviewed under a de novo standard. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

**B.    Analysis**

Section 101.106 of the Texas Tort Claims act provides, in pertinent part, "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e)

5

(Vernon 2011). The Supreme Court of Texas has held that, in a plea to the jurisdiction for a party claiming governmental immunity, the party filing the plea bears the initial burden of establishing that it is a governmental entity. *Lubbock Cty. Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 305 (Tex. 2014). We have held that employees of a governmental entity seeking the application of immunity under the Texas Tort Claims Act bear the initial burden of proving they are employees of a governmental unit. *See Fink*, 477 S.W.3d at 465–66 (applying subsection 101.106(f)); *see also Olivares v. Brown & Gay Eng'g, Inc.*, 401 S.W.3d 363, 376–77 (Tex. App.—Houston [14th Dist.] 2013), *aff'd,* 461 S.W.3d 117 (Tex. 2015) (holding party claiming to be employee bears burden of proving "it is in the paid service of a governmental unit *and* that it is not an independent contractor, agent or employee of an independent contractor, or someone who performs tasks the details of which the governmental unit does not have a legal right to control").

Subsection 101.106(e) applies when suit is filed "against both a governmental unit and any of its employees." CIV. PRAC. & REM. § 101.106(e). Because the individual doctors were seeking to be dismissed based on their status as employees of UT Health, it was necessary for the individual doctors to establish that UT Health was a governmental entity and that the individual doctors were employees of UT

6

Health.  *See Lubbock Cty.*, 442 S.W.3d at 305; *Fink*, 477 S.W.3d at 465–66.  The

Act defines "employee" as

> a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2) (Vernon Supp. 2015).

The individual doctors presented no proof in their motions to dismiss that they

were employees of UT Health as defined by the Act.  Accordingly, they did not carry

their burden of establishing a right to dismissal.  *See Fink*, 477 S.W.3d at 465–66.

The individual doctors never addressed Rios's argument that they failed to

establish they were employees of a governmental entity until their reply brief on

appeal.  In it, the individual doctors suggest that UT Health's filing the motion to

dismiss was itself proof that they were governmental employees.  The individual

doctors reason that "the government would not take on the additional risk for the

benefit of a non-employee."  Their only support for this assertion is *Texas Adjutant

General's Office v. Ngakoue*, 408 S.W.3d 350 (Tex. 2013).  Their reliance on

*Ngakoue* is misplaced.

In *Ngakoue*, the Texas Supreme Court distinguished between subsection (f)

of section 101.106—which requires proof that the employee's actions were within

the general scope of his employment—and subsection (e) of the same statute—

7

which does not have this requirement. *Id.* at 357–58. The court reasoned, "By filing such a motion [based on subsection (e)], the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party." *Id.* at 358. The court was explaining, then, the reason the "general scope of employment" language was absent from subsection (e). *See id.* Regardless of what other language is absent, subsection (e) explicitly makes dismissal contingent on a defendant being an employee of a governmental unit. CIV. PRAC. & REM. § 101.106(e). The individual doctors bore the burden of proof on this to obtain dismissal, which they did not do. *See Fink*, 477 S.W.3d at 465–66.

The dissent strives to establish that the record firmly shows that the individual doctors were employees (as defined by the Texas Tort Claims Act) of UT Health. The dissent relies on two things as proof that the individual doctors are employees of UT Health: the allegations in the motion to dismiss and one exhibit attached to the motion.

The exhibit upon which the dissent relies is a letter designated as a "notice of non-reappointment and rescission of appointment." The letter was signed by Fuentes, one of the individual doctors. The letterhead contains UT Health's logo. Under the signature, Fuentes identifies himself as "Program Director." This does nothing to establish that Fuentes was an employee of UT Health as defined by the

8

Texas Tort Claims Act, to say nothing of the remaining individual doctors. *See* CIV. PRAC. & REM. § 101.001(2) (defining employee as person "in the paid service" of the governmental entity that is not independent contractor, agent or employee of independent contractor, or person who performs tasks which governmental entity does not have right to control); *Olivares*, 401 S.W.3d at 376–77 (same).

The remainder of the dissent's proof rests on UT Health's assertion in its motion to dismiss that all of the individual doctors were employees of UT Health. It is a well-established principal of law, however, that pleadings are not proof. *See, e.g.*, *Marshall v. Telecomms. Specialists, Inc.*, 806 S.W.2d 904, 908 (Tex. App.— Houston [1st Dist.] 1991, no writ) ("Pleadings are not proof.").

Even the plea-to-the-jurisdiction law upon which the dissent relies establishes that the dissent has flipped the proper application of the law. In a plea to the jurisdiction, the jurisdictional facts alleged in the *plaintiff's* pleadings are presumed to be true. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502–03 (Tex. 2010) ("It has long been the rule that a plaintiff's good faith allegations are used to determine the trial court's jurisdiction."). A defendant who challenges the pleadings must come forth with *proof* that the jurisdictional allegations are wrong. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (holding only after defendant "asserts and supports with evidence" jurisdictional facts does burden shift to plaintiff to present proof of jurisdiction). There is no law to support

the dissent's assertion that UT Health's allegations in its motion somehow constitutes proof to affirmatively negate jurisdiction. *See Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 793 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (rejecting raising jurisdictional challenges in motion for no-evidence summary judgment because doing so would, among other things, deny plaintiff right "to stand on the pleadings in the absence of evidence negating jurisdiction").

Appellants' sole issue is overruled.

## Conclusion

We affirm the judgment of the trial court.




                                                          Laura Carter Higley
                                                          Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Chief Justice Radack, concurring in the judgment.

Justice Keyes, dissenting.