Martha Hill Jamison, Justice, dissenting.
DISSENTING OPINION
I disagree that Fryday conclusively established that the trial court lacked subject matter jurisdiction over Michaelski's claims and, therefore, that the trial judge erred in denying Fryday's motion to dismiss. Because the majority holds otherwise, I respectfully dissent.
I agree that this court has appellate jurisdiction over the denial of Fryday's motion to dismiss pursuant to Civil Practice and Remedies Code section § 51.014(a)(5) even though Fryday did not file a summary judgment motion. See Austin State Hosp. v. Graham , 347 S.W.3d 298, 301 (Tex. 2011) ; Phillips v. Dafonte , 187 S.W.3d 669, 673-675 (Tex. App.-Houston [14th Dist.] 2006, no pet.). To be entitled to dismissal, Fryday was required to establish that the City was a governmental entity and that he was an employee of the City. See Univ. of Tex. Health Sci. Ctr. at Houston v. Rios , 507 S.W.3d 312, 316 (Tex. App.-Houston [1st Dist.] 2016, pet. granted) ; see also Lubbock Cty. Water Control & Imp. Dist. v. Church & Akin, L.L.C. , 442 S.W.3d 297, 305-06 (Tex. 2014) ; Fink v. Anderson , 477 S.W.3d 460, 465-66 (Tex. App.-Houston [1st Dist.] 2015, no pet.).
Parties claiming to be employees of a governmental entity and seeking the application of immunity under the Texas Tort Claims Act bear the initial burden of proving they are employees of a governmental unit. See Olivares v. Brown & Gay Eng'g, Inc. , 401 S.W.3d 363, 376-77 (Tex. App.-Houston [14th Dist.] 2013) (holding party claiming to be employee bears burden of proving "that it is in the paid service of a governmental unit and that it is not an independent contractor, agent or employee of an independent contractor, or someone who performs tasks the details of which *354 the governmental unit does not have a legal right to control"), aff'd, 461 S.W.3d 117 (Tex. 2015).
I agree with the majority that Fryday's affidavit provided some evidence relating to his employment status, specifically that he worked part-time and was paid by the hour. However, the affidavit does not conclusively establish whether he performs tasks the details of which the City does not have a legal right to control. The affidavit is silent as to several indices of the right to control the details of work normally exercised by an employer as identified in Olivares :
* When and where to begin and stop work;
* Regularity of hours;
* Amount of time spent on particular aspects of the work;
* Tools and appliances used to perform the work; and
* Physical method or manner of accomplishing the end result.[1]
See ids="6865844" index="37" url="https://cite.case.law/sw3d/461/117/">id.
In addition, the statements in the affidavit in some respects were vague. What is meant by "whenever called upon to do so"? What is meant by "reported directly to the City Administrator if any issues arose"? Other statements are not probative of the right to control. What factor is addressed by Fryday's maintaining an office in City Hall? How does the fact that the City Council reviewed his final results prove that Fryday was not an independent contractor?
Additionally, I disagree with the majority that certain elements of Fryday's jurisdictional argument were undisputed and thus did not require proof. Fryday's affidavit failed to present facts to establish that the City is a governmental unit under the TTCA, that Michaelski's claims could have been brought against the City under the TTCA, or that Fryday's conduct was within the general scope of his employment with the City. While Michaelski did not specifically argue these deficits in her brief, her silence did not relieve Fryday of his burden to establish every element of his defense. See Lenoir v. U.T. Physicians , 491 S.W.3d 68, 75 (Tex. App.-Houston [1st Dist.] 2016, pet. denied) (concluding defendant failed to conclusively prove it was a governmental unit under the TTCA); see also Franka v. Velasquez , 332 S.W.3d 367, 370 (Tex. 2011) (holding defendant had the burden of proving that suit "could have been brought under" the Act and had to offer evidence that the employer's immunity was waived); Kelemen v. Elliott , 260 S.W.3d 518, 524 (Tex. App.-Houston [1st Dist.] 2008, no pet.) ("Elliott did not make any assertion before the trial court, and makes none before this Court, that the acts for which Kelemen sued him were in the general scope of his employment."). Any dismissal under section 101.106(f) would therefore be erroneous. See Kelemen , 260 S.W.3d at 524.
I disagree with the majority that the affidavit provided conclusive evidence establishing that the trial court lacked subject matter jurisdiction.[2] I would affirm the *355 trial court's denial of Fryday's motion to dismiss and accordingly, respectfully dissent.

The majority is correct that the Texas Supreme Court stated in Murk v. Scheele that the TTCA's "definition of 'employee' does not require that a governmental unit control every detail of a person's work."120 S.W.3d 865, 867 (Tex. 2003) (emphasis in original). However, the court further stated that a governmental employee is not precluded from being an "employee" simply because he must exercise some independent judgment and, considering other factors demonstrating the governmental employer's right to control his work, the employee was entitled to dismissal based on the TTCA. See ids="9055163" index="43" url="https://cite.case.law/sw3d/120/865/#p867">id.

Although not necessary to my analysis, I also disagree that the record establishes as a matter of law that the trial court did not consider Michaelski's Exhibit A. Exhibit A was included in the original clerk's record filed in our court on November 14, 2016. The clerk's record further reflects Exhibit A was filed in the trial court on June 27, 2016, which was before the trial court's order was signed. The majority does not mention this fact in its recitation of the admittedly inexplicable subsequent filing by Michaelski.