

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-17-00099-CV

Victor **RAMOS**,
Appellant

v.

**CITY OF LAREDO**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2015CVT003985 D2
Honorable Susan D. Reed, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice
Concurring Opinion by: Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  March 28, 2018

REVERSED AND RENDERED

Victor Ramos sued the City of Laredo and Laredo Police Department Officer Gustavo

Guerra, Jr. for injuries allegedly sustained when he was hit by Guerra's police motorcycle.  Before

trial, Ramos nonsuited Officer Guerra.  The jury found Officer Guerra negligently struck Ramos,

but also found Guerra was not acting in the scope of his employment.  Ramos filed a motion to

disregard the jury's findings and a motion for judgment notwithstanding the jury's verdict; the trial

court denied both motions and rendered a take-nothing judgment in favor of the City.  On appeal,

Ramos contends the trial court erred in submitting the question regarding scope of employment to the jury and in denying his post-verdict motions. We reverse and render.

## BACKGROUND

On January 16, 2015, at approximately 11:30 p.m., Ramos was on his motorcycle entering North Central Park in Laredo. Ramos was making a left-hand turn into the park when he was struck by another motorcycle with flashing lights attempting to exit the park in the wrong lane. The motorcycle did not stop and fled the scene of the accident. Ramos noticed the motorcycle was black with white trim and had "police lights" on the back. Though Ramos was knocked off his motorcycle and suffered injuries, he did not call 911 at the scene of the accident. He was in shock and went home, and later went to the emergency room.

Laredo Police Department (LPD) was not cooperative in Ramos's investigation of the accident. Surveillance video obtained from a private citizen revealed the presence of a police motorcycle in the area at the time of the accident. Ramos's attorney filed an Open Records Request which revealed photographs of scratches on a LPD motorcycle driven by Officer Guerra.

On December 23, 2015, Ramos sued the City of Laredo and Police Officer Gustavo Guerra, Jr., individually, for the following causes of action: injury by a motor vehicle; negligence under the Texas Tort Claims Act; negligent entrustment of motor vehicle; negligent hiring; assault; and intentional infliction of emotional distress. Ramos alleged that Guerra's actions were done "with the full authorization, ratification or approval" of the City or were done "in the routine and normal course and scope of employment." Ramos sought damages for physical bodily injury, mental anguish, physical pain and suffering, medical expenses, and property damage, as well as exemplary damages.

On January 15, 2016, the City filed an answer, plea to the jurisdiction, and request for disclosures. The City claimed that the trial court lacked subject matter jurisdiction over Guerra

pursuant to Section 101.106(e) of the Texas Tort Claims Act, and thus requested that suit be dismissed as to Guerra. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2011). The City further claimed that governmental immunity shielded it from liability for Guerra's actions.

Thereafter, on March 2, 2016, Ramos nonsuited Officer Guerra without prejudice. The City filed an Amended Plea to the Jurisdiction on November 14, 2016 stating that no waiver of immunity existed under the Texas Tort Claims Act. The City claimed that Guerra was on leave on the date of the accident, was not involved in the accident, and was not acting in the course and scope of his employment at the time of the accident. Ramos filed a supplemental response to the Amended Plea to the Jurisdiction. In the response, he claimed that by pleading "official immunity," the City judicially admitted that Guerra was acting in the course and scope of his employment. On January 15, 2017, the trial court denied the City's Amended Plea to the Jurisdiction and the case proceeded to trial.

At trial, Officer Guerra testified by deposition that he was off duty on January 16, 2015. Guerra stated he was asleep at his home at approximately 11:30 p.m. on January 16, 2015. He claimed that the scrapes on the side of his motorcycle were caused when he rubbed against a metal gate at his house. LPD Officer Christina Pena, who prepared the accident report, testified that no motorcycle officers were on duty on the night of the accident.

The jury found that Officer Guerra was the driver who struck Ramos and that his negligence caused the accident. The jury determined that $2,000 would compensate Ramos for past lost earning capacity and that $30,000 would compensate Ramos for past medical care. However, the jury also found that Guerra was not acting in the scope of his employment at the

time of the accident (Question No. 4).[1] Thus, the trial court rendered a take-nothing judgment in favor of the City.

Before the trial court rendered its final judgment, it considered two motions filed by Ramos. Ramos filed a Motion for Judgment Notwithstanding the Verdict asking the court to disregard the jury's negative finding to Question No. 4, which asked, "On the occasion in question, was Gustavo Guerra acting in the scope of his employment?" Ramos argued that the City established Guerra was acting in the course and scope of his employment when it filed its Plea to the Jurisdiction alleging and pleading that Guerra was entitled to official immunity. Ramos claimed that official immunity "can ONLY be claimed if [Guerra] was in the Course and Scope of employment" and thus the City "judicially admitted and is estopped and/or barred by res-judicata from claiming otherwise."

Ramos also filed a Motion to Disregard Jury Finding similarly arguing that the jury's answer to Question No. 4 should be disregarded in light of its other answers and in light of the fact that the City "judicially admitted" Guerra was acting in the course and scope of his employment at the time of the accident.

Ramos now appeals, arguing the trial court erred in: 1) presenting the question of whether Guerra was acting in the scope of his employment; 2) failing to grant his Motion to Disregard Jury Finding; and 3) failing to grant his motion for Judgment Notwithstanding the Verdict.

## STANDARD OF REVIEW

We review a trial court's jury-charge rulings for abuse of discretion. *See Sw. Energy Prod. Co. v. Berry–Helfand*, 491 S.W.3d 699, 727 (Tex. 2016); *Thota v. Young*, 366 S.W.3d 678, 687

---

[1] Ramos objected to the inclusion of Question No. 4 in the jury charge on the ground that the City did not plead scope of employment as an affirmative defense. Ramos also tendered a jury charge that did not contain a question as to course and scope of employment, but those instructions were not given by the trial court.

(Tex. 2012) ("The trial court has considerable discretion to determine proper jury instructions."). The trial court has broad discretion in submitting jury questions so long as the questions submitted fairly place the disputed issues before the jury. *Bexar County Appraisal Dist. v. Abdo*, 399 S.W.3d 248, 258 (Tex. App.—San Antonio 2012, no pet.). If the trial court abused its discretion, we will reverse only if the error was harmful. *Sw. Energy Prod. Co.*, 491 S.W.3d at 728. A charge error harmed the appellant only if it "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case" on appeal. *See* TEX. R. APP. P. 44.1(a); *Thota*, 366 S.W.3d at 687.

<h3 style="text-align:center">TEXAS TORT CLAIMS ACT</h3>

The Texas Tort Claims Act (TTCA) provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; § 101.023 (West 2011); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655–56 (Tex. 2008). The TTCA generally waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from "a condition or use of tangible personal or real property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021.

Section 101.106(e) of the TTCA is titled "Election of Remedies" and provides that when a claimant files suit "under this chapter" against both a governmental unit and its employee, the employee shall immediately be dismissed from the suit upon the filing of a motion to dismiss by the governmental unit. *Id.* § 101.106(e) (West 2011).[2] The Texas Supreme Court has explained that the apparent purpose of Section 101.106 is to:

---

[2] Section 101.106(e) provides: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e).

> . . . force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery. By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs.

*Garcia*, 253 S.W.3d at 657. "Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Id.*

## ANALYSIS

Here, Ramos sued both the City and Officer Guerra individually. Ramos alleged Guerra was acting within the scope of his employment. The City was thus entitled to file a motion to dismiss Guerra pursuant to Section 101.106(e). By filing a Section 101.106(e) motion to dismiss, a governmental unit "effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party." *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013); *see also Univ. of Tex. M.D. Anderson Cancer Ctr. v. Stewart*, No. 01-16-00865-CV, 2017 WL 2590230, at *4 (Tex. App.—Houston [1st Dist.] June 15, 2017, no pet.) (mem. op). "The role of subsections (e) and (f) is to ensure that tort claims within the purview of the Act do not proceed against a government employee for conduct within the scope of his employment. But those provisions simply do not apply to claims against the employee individually that are outside the Act's scope." *Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 418 (Tex. 2015) (citing *Ngakoue*, 408 S.W.3d at 355). Thus, when the City requested that Guerra be dismissed pursuant to Section 101.106(e), the City confirmed Ramos's allegation that Guerra was acting in the scope of employment at the time of the accident and agreed to vicariously defend its employee. The City subsequently changed course prior to

trial and specifically denied that Guerra was acting in the scope of employment at the time of the accident. The City claimed Guerra was on leave on the date of the accident and was not involved in the accident. Over Ramos's objection, the trial court included a jury question on course and scope. Despite the jury's finding that Guerra was responsible for the accident and that Ramos was entitled to damages for medical expenses and lost wages, Ramos recovered nothing, because the jury also found Guerra was not acting in the scope of employment.

The City's assertion via its plea to the jurisdiction under Section 101.106(e) that Guerra was entitled to official immunity amounted to a judicial admission that Guerra was acting in the scope of employment. *See Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, No. 16-0836, 2017 WL 6396028, at *3 (Tex. Dec. 15, 2017); *Houston First Am. Savs. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) ("Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions."); *see also Gevinson v. Manhattan Constr. Co.*, 449 S.W.2d 458, 466 (Tex. 1969) ("The vital feature of a judicial admission is its conclusiveness on the party making it. It not only relieves his adversary from making proof of the fact admitted but also bars the party himself from disputing it."). The City was in the best position to know whether Guerra was acting in the scope of employment at the time of the accident. The City, having filed the plea to the jurisdiction in response to the plaintiff's pleadings, elected to assert official immunity on Guerra's behalf. Because of the election by the City to be held vicariously responsible for its employee, we hold the City was bound to its judicial admission that Guerra was acting in the scope of employment at the time of the accident. Any issue of fact regarding scope of employment was resolved by the City in its original answer and plea to the jurisdiction. Thus, the trial court erroneously placed a fact not in issue before the jury. *See Abdo*, 399 S.W.3d at 258. We thus conclude the trial court abused its discretion in submitting Question No. 4 to the jury. The submission was harmful because it caused the rendition of an improper judgment. *See* TEX.

R. APP. P. 44.1(a). Having sustained Ramos's first issue, we need not address his second and third issues. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the judgment of the trial court, and render judgment awarding Ramos the damages found by the jury. *See* TEX. R. APP. P. 43.3 (rendition appropriate unless remand necessary).

Rebeca C. Martinez, Justice