

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CROCKETT COUNTY TEXAS, | § | |
| Appellant, | § | No. 08-19-00145-CV |
| v. | § | Appeal from the |
| MARIA RICARDA MORALES | § | 112th District Court |
| DAMIAN, ANGELICA GALINDO, LIDIA DOMINGUEZ, CAROLINA | § | of Crockett County, Texas |
| OJEDA, ROSARIO OVIEDO, APOLONIO DAMIAN, MIGUEL | § | (TC# 19-01-07949-CV) |
| ANGEL DAMIAN, AND GENE DAMIAN, | § | |
| Appellees. | § | |

## O P I N I O N

This is an interlocutory appeal from the partial denial of a motion to dismiss filed pursuant to Section 101.106(e) of the Texas Tort Claims Act in a suit brought against Crockett County and its employee, Adam De La Garza, for the wrongful death of Miguel Damian. Because we agree the trial court should have granted the motion in its entirety, we reverse and render.

## BACKGROUND

On March 2, 2017, Miguel Damian died from injuries he sustained at work after he was run over by a Caterpillar road maintainer operated by Adam De La Garza, a Crockett County employee. According to Appellees, the night before the accident, De La Garza hosted a poker

party at his home where he consumed a large amount of alcohol and stayed up late. Appellees alleged that De La Garza was still intoxicated from the night before and exhausted at the time he was operating the vehicle and these factors contributed to Mr. Damian's death.

On January 31, 2019, Appellees filed their original petition bringing suit against De La Garza, Crockett County, and the Crockett County Road Department for the wrongful death of Mr. Damian. The original petition raised only state-law tort claims under the Tort Claims ("the Act"). The original petition alleged that the County was vicariously liable for the negligent acts committed by De La Garza while in the course and scope of his county employment.

On February 28, 2019, defendants filed their original answer raising the affirmative defense of governmental immunity and pleading "any claims against Adam De La Garza are barred by TEX.CIV.PRAC.&REM.CODE § 101.106." On March 12, 2019, the County filed a motion to dismiss pursuant to Section 101.106(e) of the Act, admitting De La Garza was a county employee and, as such, the County was entitled to dismissal of all claims against De La Garza because Appellees failed to elect between suing the County and its employee before filing suit. On March 18, 2019, Appellees filed their first amended petition which added a state common-law negligence claim against De La Garza in his individual capacity for acts committed *outside* the course and scope of his county employment, namely, drinking excessively and staying up late the night before he was required to report to work early the following day.

In their written response to the County's motion to dismiss, and at the hearing, Appellees conceded the tort claim brought against De La Garza in his official capacity in the original petition required dismissal because it was brought under the Act. However, Appellees argued the subsequent state common-law negligence claim brought against De La Garza in his *individual*

2

capacity did not require dismissal because that claim was based on acts, i.e. excessive drinking and staying up late, committed *outside* the scope of De La Garza's county employment, and were, therefore, not covered by the Act. The court below agreed with Appellees and granted the County's motion only in part. Specifically, the trial court dismissed the tort claims based on acts committed *within* De La Garza's employment, but denied the motion as to tort claims based on acts committed *outside* the scope of his county employment. This appeal followed.

## DISCUSSION

Here, the County contends that the trial court erred by refusing to grant the County's 101.106(e) motion in its entirety because: (1) it conceded De La Garza was a county employee acting in the course and scope of his employment when he accidently ran over Mr. Damian; (2) Appellees failed to make an election between suing the County or pursuing claims against De La Garza in his individual capacity before filing suit; (3) the County filed a motion seeking dismissal of all claims brought against De La Garza pursuant to Section 101.106(e) of the Act; and (4) the subsequent state-law tort claim brought against De La Garza in his individual capacity is barred by Section 101.106. Appellees, relying on *Texas Dep't of Aging and Disability Services v. Cannon*, 453 S.W.3d 411 (Tex. 2014), contend their subsequent state-law negligence claim against De La Garza in his individual capacity is not barred by Section 101.106 because it is not a claim brought under the Act and therefore Section 101.106 is inapplicable.

## I. Standard of Review

We review *de novo* a trial court's denial of a motion to dismiss brought under Section 101.106 of the Tort Claims Act. *See City of Webster v. Myers*, 360 S.W.3d 51, 56 (Tex.App.— Houston [1st Dist.] 2011, pet. denied)(observing that Section 101.106 is a jurisdictional statute

3

involving the waiver of immunity, which invokes subject matter jurisdiction, which is a question of law reviewed *de novo*).

## II.     The Texas Tort Claims Act and Section 101.106 Election of Remedies

"[U]nder the common law, 'public employees (like agents generally) have always been individually liable for their own torts, even when committed in the course of employment,' and to the extent the employee is not entitled to official immunity, the employee's liability could be established in a suit against the employee individually."  *Garza v. Harrison*, 574 S.W.3d 389, 399 (Tex. 2019)(*citing Franka v. Velasquez*, 332 S.W.3d 367, 383 (Tex. 2011)).   However, this common-law tort scheme was changed when the Legislature amended Section 101.106 of the Tort Claims Act to require plaintiffs to choose, before filing suit, between suing a governmental entity or suing an employee in his individual capacity.  *Id.,* (*citing Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008)); TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(a)-(f). Specifically, Section 101.106 now provides in relevant part:

> (a)  The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

> (b)  The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

> .          .          .

> (e)  If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

> (f)  If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been

brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(a),(b),(e),(f).

Consequently, since 2003, in order to proceed against a public employee in his individual capacity under a state-law-tort theory, a plaintiff must choose to do so when suit is originally filed, TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(a)-(f), or risk forever barring that claim if the governmental unit opts to dismiss its employee under Section 101.106(e). TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(a),(e); *Univ. of Tex. Health Science Center of Houston v. Rios*, 542 S.W.3d 530, 538-39 (Tex. 2017).

When a plaintiff chooses to proceed against the governmental entity instead of the public employee in his individual capacity, "section 101.106, effectively conditions the immunity waiver on the plaintiff's forfeiture of *any negligence* claims against the employee in his individual capacity" concerning the "same subject matter." [Emphasis added]. *Molina v. Alvarado*, 463 S.W.3d 867, 870 (Tex. 2015); TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(a). If a plaintiff fails to make the election between the governmental unit and the employee in his individual capacity when suit is first filed and instead sues both parties, as happened here, the governmental unit can, but is not required, to file a motion to dismiss all state-law-tort claims against its employee. TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(e). When the governmental unit files the 101.106(e) motion, the election-of-remedies provision under the Act is triggered. *See Rios*, 542 S.W.3d at 538 ("[I]t is the filing of a [101.106(e)] motion to dismiss, not its content, that triggers the right to dismissal.").

5

Moreover, when a governmental unit chooses to file a 101.106(e) motion, it does two things. First, it "effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party." *Tex. Adjutant Gen's Office v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013); *see Rios*, 542 S.W.3d at 535 (quoting same); *see also*, *Ramos v. City of Laredo*, 547 S.W.3d 651, 655-56 (Tex.App.—San Antonio 2018, no pet.)("The City's assertion via its plea to the jurisdiction under Section 101.106(e) that [employee] was entitled to official immunity amounted to a judicial admission that [employee] was acting in the scope of employment.").

Second, the filing of a 101.106(e) motion bars "immediately and forever . . . any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter," TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(a); *but see*, *Texas Dep't of Aging and Disability Services v. Cannon*, 453 S.W.3d 411, 419 (Tex. 2015)(holding that Section 1983 claim (a non-state-law-tort claim) brought against employees in their individual capacities were not barred by 101.106).

Here, because Appellees failed to sue *only* De La Garza in his individual capacity for a state-law tort when they first filed suit, and instead, brought suit under the Act against both the County and De La Garza, which prompted the County to file its 101.106(e) motion, Appellees forfeited *all state-law negligence* claims against De La Garza and are now forever barred from bringing *any* state-law-tort claim against De La Garza regarding the same subject matter. TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(a),(e).

III. *Cannon* **Does Not Revive A State-Law-Tort Claim Against an Individual Public Employee in the Face of a 101.106(e) Motion.**

Appellees point to *Cannon* to support their argument that their state-law-tort claim raised

6

in their amended petition against De La Garza in his individual capacity is not barred by Section 101.106. They contend that because suit against De La Garza in his individual capacity does not require an immunity waiver, it is not a claim brought under the Tort Claims Act. *See Cannon,* 453 S.W.3d at 416 ("[S]ubsection 101.106(e) does not contemplate or require dismissal of section 1983 claims against individual government employees, *or any other claim not brought under the Tort Claims Act.*")[Emphasis added].

However, we disagree with Appellees' broad interpretation of *Cannon.* In *Cannon*, unlike here, the plaintiff amended her original petition to add claims under 42 U.S.C. § 1983 against the public employees in their individual capacities, which the Court observed were "not brought under the Tort Claims Act." *Cannon*, 453 S.W.3d at 416; *see also Rios*, 542 S.W.3d at 533 n.7 (citing *Cannon* for the proposition that "[S]ection 1983 claims . . . assert[ed] against . . . [governmental] [e]mployees . . . are not brought under the Tort Claims Act."). However, Appellees did not bring a Section 1983 claim. Rather, Appellees brought a subsequent *state-law tort claim* against an individual public employee regarding the same subject matter in the face of a 101.106(e) motion. Contrary to Appellees position, *Cannon* suggests under the circumstances presented here that state-law-tort claims *are* subject to, and barred by, Section 101.106. *See Cannon,* 453 S.W.3d at 417 ("Cannon does not dispute that, by asserting *common-law tort claims* against both the Department and the Employees, she made an irrevocable election under subsection (e) to pursue those claims against the government only. . .")[Emphasis added]. Because Appellees do not attempt to allege a federal claim under 42 U.S.C. § 1983, nor do they invoke any other non-tort-state-law claim against De La Garza, *Cannon* does not except from dismissal, the state-law-tort claim Appellees brought against De La Garza in their amended petition.

7

Based on our analysis above, we find the state-law-tort claim alleged in Appellees' amended petition against De La Garza in his individual capacity is a claim subject to the Act's election-of-remedies provision. Consequently, in light of the County's Section 101.106(e) motion, we hold that the Act's election-of-remedies provision forever bars that claim and the trial court's refusal to dismiss it was error.

## CONCLUSION

Having sustained the County's sole issue, we reverse the trial court's order denying in part the County's motion to dismiss and render judgment dismissing all of Appellees' state-law-tort claims against De La Garza.


February 19, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.