**Opinion issued August 26, 2021.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00333-CV

————————————

**CITY OF HOUSTON, Appellant**

**V.**

**YOUNG RAN KIM, Appellee**

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 19-DCV-263628

## MEMORANDUM OPINION

Appellant, the City of Houston, appeals the denial of its motion for summary judgment based on governmental immunity. Appellee Young Ran Kim sued the City of Houston and one of its employees under the Texas Tort Claims Act following a motor-vehicle collision. After moving successfully to dismiss its employee from

suit, the City moved for summary judgment arguing its employee was not acting in the course and scope of employment and thus the court lacked subject-matter jurisdiction. In one issue, the City of Houston argues the trial court erred in denying its motion for summary judgment because it proved its employee was not acting in the scope of employment when the collision occurred. Thus, the Texas Tort Claims Act's limited waiver of immunity does not apply, and the City of Houston retained its governmental immunity.

We affirm.

## Background

This lawsuit arises from a motor vehicle accident resulting in alleged injuries and damages to Young Ran Kim ("Kim"). Hugo Cesar Gutierrez ("Officer Gutierrez"), a police officer with the Houston Police Department ("HPD"), collided with Kim as he was leaving a high school parking lot and entering the roadway.[1] Although he was off duty at the time, Officer Gutierrez was on call as a SWAT team officer, and he was driving a City of Houston ("City") Suburban. Kim sued the City and Officer Gutierrez seeking to recover damages for personal injuries and property damage. In her petition, Kim alleged that "[a]t the time and immediately prior to the collision," Officer Gutierrez "was within the course and scope of employment for the City of Houston."

---

[1]      Most of the details of the collision are not pertinent for purposes of our disposition.

2

The City filed an answer and moved to dismiss Kim's claims against Officer Gutierrez under Section 101.106(e) of the Texas Tort Claims Act ("TTCA"), also known as the election-of-remedies provision. TEX. CIV. PRAC. & REM. CODE § 101.106(e). Section 101.106(e) of the TTCA states: "If suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall be immediately dismissed on the filing of a motion by the governmental unit." *Id.* The City argued Kim had "filed suit against an employee of a governmental unit," and therefore "the TTCA requires that this suit proceed against the City only and that Defendant Hugo Cesar Gutierrez be dismissed." According to the City, the claims against Officer Gutierrez should be dismissed because Kim asserted tort claims against both the City, a governmental unit, and its employee Officer Gutierrez, and all of Kim's claims were brought under the TTCA.

The trial court granted the City's motion and dismissed Kim's claims against Officer Gutierrez, leaving the City as the lone defendant in the lawsuit. The City later filed a motion for summary judgment based on governmental immunity, arguing Officer Gutierrez was not acting in the course and scope of his employment when the accident occurred. Therefore, the TTCA's limited waiver of immunity did not apply and the City was entitled to governmental immunity. In support of its motion, the City argued Officer Gutierrez was off duty and running a personal errand outside of his jurisdiction on the day of the accident. The City explained that Officer

3

Gutierrez, who was driving a City Suburban with specialized equipment, did not access the equipment until after the collision occurred. The City argued Officer Gutierrez had not observed any Texas laws being violated and although he was on call as a SWAT team officer, he had not been dispatched, and he was not performing any official duties when the accident occurred. The City attached an affidavit from Officer Gutierrez attesting to these facts.

The trial court denied the City's motion for summary judgment only two days after its filing. As a result, Kim did not have an opportunity to respond. This interlocutory appeal followed.[2]

## Texas Tort Claims Act

### A. Standard of Review

A party may challenge the trial court's subject-matter jurisdiction in a motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *EPGT Tex. Pipeline, L.P. v. Harris Cty. Flood Control Dist.*, 176 S.W.3d 330, 334 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd). The plaintiff bears the burden of alleging facts showing the trial court has subject-matter jurisdiction over the lawsuit. *EPGT Tex. Pipeline, L.P.*, 176 S.W.3d at 334 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004), *Blue*, 34 S.W.3d at 554,

---

[2] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); *Thomas v. Long*, 207 S.W.3d 334, 336 (Tex. 2006).

and *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). A reviewing court should take the plaintiff's allegations as true and construe all inferences in favor of jurisdiction. *Id.* (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 446). Whether a trial court has subject-matter jurisdiction is a question of law we review de novo. *Id.* (citing *Miranda*, 133 S.W.3d at 226).

## B.    Governing Law

The City, as a governmental unit of the state, cannot be sued absent a waiver of its governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.001(3)(b) (defining "[g]overnmental unit" to include "a political subdivision of this state, including any city"); *Reata Const. Corp. v. City of Dall.*, 197 S.W.3d 371, 374 (Tex. 2006); *Miranda*, 133 S.W.3d at 224; *see also City of Hous. v. Ayala*, No. 14-20-00164-CV, 2021 WL 2472804, at *1 (Tex. App.—Houston [14th Dist.] June 17, 2021, no pet. h.). "Immunity from suit deprives a trial court of jurisdiction." *City of Hous. v. Williams*, 353 S.W.3d 128, 133 (Tex. 2011); *see also Reata Const. Corp.*, 197 S.W.3d at 374.

The TTCA provides one such limited waiver of immunity for certain suits against governmental entities. TEX. CIV. PRAC. & REM. CODE §§ 101.001–.009; *see also Miranda*, 133 S.W.3d at 224. Section 101.021(1) of the TTCA states that a governmental unit of the state is liable for property damage and personal injury "proximately caused by the wrongful act or omission or the negligence of an

employee acting within his scope of employment" if the damage or injury "arises from the operation or use of a motor-driven vehicle" and "the employee would be personally liable to the claimant according to Texas law[.]" TEX. CIV. PRAC. & REM. CODE § 101.021(1).

The TTCA also includes an election-of-remedies provision, Section 101.106, which requires a plaintiff to elect, at the time he files suit, whether to sue the governmental unit or its employee. *Id.* § 101.106; *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657–57 (Tex. 2008) (explaining nature and purpose of the election-of-remedies provision); TEX. CIV. PRAC. & REM. CODE § 101.001(2) (defining "[e]mployee"). Section 101.106 of the TTCA contains six separate subsections providing that:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.
>
> (c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

6

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106.

Section 101.106 "force[s] a plaintiff to decide at the outset [of a lawsuit] whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that a governmental unit is vicariously liable." *Garza v. Harrison*, 574 S.W.3d 389, 399 (Tex. 2019) (quoting *Garcia*, 253 S.W.3d at 657). By doing so, it "eas[es] the burden placed on governmental units and their employees in defending duplicative claims, in part by 'favor[ing] the expedient dismissal of . . . employees when suit should have been brought against the government' under the [TTCA]." *Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 415 (Tex. 2015) (citation omitted); *see also Garcia*, 253 S.W.3d at 656–57.

7

## C.    Analysis

The election-of-remedies subsection relevant to our analysis is Subsection (e), pursuant to which the City moved to dismiss Officer Gutierrez from the lawsuit. Subsection (e) applies when a plaintiff files suit against both a governmental unit under the TTCA and its employee.  TEX. CIV. PRAC. & REM. CODE § 101.106(e).  In such cases, "the employee shall immediately be dismissed on the filing of a motion by the governmental unit."  *Id.*; *see also Tex. Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013).  Our recent opinion in *Ledesma v. City of Houston*, 623 S.W.3d 840 (Tex. App.—Houston [1st Dist.] Nov. 24, 2020, pet. filed)[3] is instructive and guides our analysis in this case.

### 1.    *Ledesma v. City of Houston*

In *Ledesma*, the plaintiff was involved in a motor-vehicle collision with HPD Officer Miranda Suarez ("Officer Suarez"), a City of Houston employee.  *Id.* at 843. Ledesma filed negligence claims under the TTCA against both Officer Suarez and the City of Houston seeking to recover damages for injuries and damages she allegedly sustained in the collision.  *Id.*  As in this case, the City moved to dismiss Officer Suarez under Section 101.016(e) of the TTCA.

---

[3]    The City of Houston's request for en banc reconsideration in *Ledesma v. City of Houston*, 623 S.W.3d 840 (Tex. App.—Houston [1st Dist.] pet. filed) was denied unanimously on June 10, 2021.

In response to the motion, Ledesma filed an amended petition asserting claims only against the City effectively non-suiting her claims against Officer Suarez. Like the City did in this case, the City of Houston then filed a motion for summary judgment claiming the trial court lacked subject-matter jurisdiction over Ledesma's claims against the City because Officer Suarez was not acting within the course and scope of her employment when the accident occurred. *Id.* at 844. The trial court granted the City's motion for summary judgment and Ledesma appealed.

On appeal, Ledesma argued for the first time that the City of Houston was foreclosed from seeking summary judgment, because by filing a prior motion to dismiss Officer Suarez from the suit under Section 101.106(e), the City had admitted judicially that Officer Suarez was acting within the course and scope of her employment at the time of the accident. Thus, Ledesma argued, the City was barred from disputing this admitted fact in its later-filed motion for summary judgment. The City responded that because Ledesma had not raised her judicial admission argument in the trial court, she had waived the issue and could not challenge the summary dismissal of her claims on that basis.

We disagreed, holding that issues of subject-matter jurisdiction may not be waived and may be raised for the first time on appeal. *Id.* at 843 n.1; *see also, e.g.*, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993) ("Subject matter jurisdiction is an issue that may be raised for the first time on

appeal; it may not be waived by the parties."). Then, relying in part on *Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350 (Tex. 2013), we explained that a governmental unit is in the best position to know whether its employee was acting in the course and scope of employment at the time of the relevant event. *See Ledesma*, 623 S.W.3d at 848 (citing *Ngakoue*, 408 S.W.3d at 359). Armed with this knowledge, the City can decide how to proceed under the election-of-remedies provision when a plaintiff sues both the City and its employee.

If the employee was not acting in the course and scope of her employment at the time of the alleged act, "the governmental unit can move to dismiss claims against itself for lack of jurisdiction." *Id.* But, if the City moves first to dismiss the filed claims against the named employee under Section 101.106(e), the City in effect "judicially admits that the employee was acting in the scope of employment and agrees to vicariously defend its employee." *Id.* (citing *Ngakoue*, 408 S.W.3d at 358). Thus, the City cannot have it both ways, seeking first to dismiss its employee from suit under Section 101.106(e), then moving to dismiss all claims against the City (the remaining defendant) alleging its employee was not acting in the course and scope of employment. *Id.*

As we noted in *Ledesma*, we are not alone in our determination. The San Antonio Court of Appeals reached a similar holding in *Ramos v. City of Laredo*, 547 S.W.3d 651 (Tex. App.—San Antonio 2018, no pet.). There, Ramos sued the City

of Laredo and Officer Gustavo Guerra, Jr. ("Officer Guerra") for injuries he allegedly sustained when he was hit by Office Guerra's police motorcycle. The City of Laredo moved to dismiss Officer Ramos under Section 101.106(e), only later to claim during the trial that Officer Ramos was not acting under the course and scope of his employment at the time of the accident. *Id.* 653–54. The jury found Officer Ramos negligent, but also found he was not acting in the scope of his employment when the accident occurred. The trial court rendered a take-nothing judgment for the City and Ramos appealed.

On appeal, our sister court held that the City of Laredo's plea to the jurisdiction seeking dismissal of Officer Guerra under Subsection (e) asserted qualified immunity for its employee and "amounted to a judicial admission that [Officer] Guerra was acting in the scope of employment." *Id.* at 655–56. Allowing a jury question on scope of employment was therefore reversible error. *Id.* at 656 (citing *Ngakoue*, 408 S.W.3d at 358). As the court held, "[a]ny issue of fact regarding scope of employment was resolved by the City in its original answer and plea to the jurisdiction" where the City argued "Guerra was entitled to official immunity." *Id.*

The Texas Supreme Court in *Ngakoue* similarly held that "[b]y filing such a motion [under Subsection (e)], the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not

11

the employee, is the proper party." *Ngakoue*, 408 S.W.3d at 358. Although analyzing a slightly different issue,[4] the Court in *Ngakoue* acknowledged that a plaintiff may not always be in the best position to obtain information necessary to determine initially whether to proceed against the employee or the governmental unit, further noting that while Section 101.106 provides a number of avenues for dismissal of governmental employees to avoid duplicative litigation, it "generally favor a suit against the governmental unit when appropriate rather than wholesale dismissal of a plaintiff's otherwise-meritorious suit." *Id.* at 359.

## 2. The City's Judicial Admission

Kim argues that when the City moved to dismiss Officer Gutierrez pursuant to Section 101.106(e), the City's counsel called her attorney and represented to him that "Officer Gutierrez was an employee of the City of Houston." She claims the City never raised, either during the phone conversation with her attorney or in the City's motion to dismiss, any argument concerning the course and scope of Officer Gutierrez's employment. According to Kim, her counsel "was misled to believe that there would be no coverage issue whatsoever" and, as a result, Kim filed a response to the City's motion to dismiss stating she did not contest the motion or object to

---

[4] In *Ngakoue*, the Court held that "a government unit cannot use [Section 101.106] subsection (b) to foreclose suit against if after having used [Section 101.106] subsection (e) to dismiss its employee from the suit." *Tex. Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 359 (Tex. 2013).

12

entry of the proposed order dismissing Officer Gutierrez. After securing Officer Gutierrez's dismissal,[5] Kim argues the City then tried to "get itself off the hook" by moving for summary judgment alleging Officer Gutierrez was not acting within the course and scope of his employment when the accident occurred.

We construe Kim's argument as an argument that having moved to dismiss Officer Gutierrez under Section 101.106(e), the City was foreclosed from later seeking summary dismissal of Kim's claims against the City claiming Officer Gutierrez was not acting in the course and scope of his employment. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1) (providing that TTCA's waiver of immunity under this subsection applies only if employee is "acting within his scope of employment"). As in *Ledesma*, the question is whether the City's motion to dismiss Officer Gutierrez under Subsection (e) was in effect a judicial admission that later precluded the City's motion for summary judgment.[6]

---

[5]    The dismissal of Officer Gutierrez was not without consequence. Section 101.106(a) provides that "the filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a).

[6]    Kim did not make this argument in the trial court. As noted, the trial court denied the City's summary judgment motion within two days of its filing, precluding Kim's ability to file a response. Kim's argument, however, implicates the trial court's subject-matter jurisdiction. Because subject-matter jurisdiction cannot be waived, we conclude, pursuant to *Ledesma*, that we can address this issue on appeal. *Ledesma*, 623 S.W.3d at 843 n.1 (holding plaintiff's argument that City was not entitled to immunity from suit because City had judicially admitted employee was not acting in scope of employment could be raised for first time on appeal because

A judicial admission results "when a party makes a statement of fact which conclusively disproves a right of recovery or defense he currently asserts." *H2O Sols., Ltd. v. PM Realty Grp., LP*, 438 S.W.3d 606, 617 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citations omitted); *see Bowen v. Robinson*, 227 S.W.3d 86, 92 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue.") (citation omitted). A statement is a judicial admission when it (1) is made during a judicial proceeding, (2) contradicts an essential fact or defense asserted by the party, (3) is deliberate, clear, and unequivocal, (4) is not destructive of the opposing party's theory of recovery or defense, and when (5) enforcing the statement as a judicial admission is consistent with public policy. *H2O Sols., Ltd.*, 438 S.W.3d at 617. "Judicial admissions that are clear and unequivocal have a conclusive effect and bar the admitting party from later disputing the admitted fact." *Id.* (citations omitted); *see Bowen*, 227 S.W.3d at 92 ("A judicially admitted fact is established as a matter of law, and the admitting party may not dispute it or introduce evidence contrary to it.") (citation omitted). The rule is based on public policy and the premise that "it would be absurd and manifestly unjust to permit a party to recover after he has sworn

it implicated subject-matter jurisdiction) (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 444–45); *see also Tex. Ass'n of Bus.*, 852 S.W.2d at 444–45 (stating subject-matter jurisdiction is essential to authority of court to decide case, is never presumed and may be raised for first time on appeal by party or *sua sponte* by reviewing court).

14

himself out of court by a clear and unequivocal statement." *H2O Sols.*, *Ltd.*, 438 S.W.3d at 617.

The City's motion to dismiss here is virtually identical to the one the City filed in *Ledesma.* In *Ledesma*, we held that by moving to dismiss Officer Suarez from the suit under Section 101.016(e), the City admitted judicially that Officer Suarez was acting in the course and scope of employment at the time of the accident and agreed vicariously to defend her. As such, the City was foreclosed from later disputing that Officer Suarez was acting in the course and scope of her employment and seeking summary dismissal on that basis. We see no reason to depart from our holding in *Ledesma* in this case.

By moving to dismiss Officer Gutierrez from the suit under Section 101.106(e), the City admitted judicially that he was acting in the course and scope of his employment when the accident occurred, and the City agreed vicariously to defend him. *See Ngakoue*, 408 S.W.3d at 358; *Ledesma*, 623 S.W.3d at 850; *Ramos*, 547 S.W.3d at 655. Consequently, the City was foreclosed from later arguing in its motion for summary judgment that Officer Gutierrez was not acting in the scope of his employment at the time of the accident. *See Bowen*, 227 S.W.3d at 92 ("A judicially admitted fact is established as a matter of law, and the admitting party may not dispute it or introduce evidence contrary to it.") (citation omitted); *see also Ramos*, 547 S.W.3d at 656 (holding issue of fact "regarding scope of employment

was resolved by the City in its original answer and plea to the jurisdiction" where the City argued the officer "was entitled to official immunity").

## Conclusion

We affirm the trial court's denial the City's motion for summary judgment.


                                                        Veronica Rivas-Molloy
                                                        Justice

Panel consists of Justices Goodman, Hightower, and Rivas-Molloy.