

# NUMBER 13-21-00090-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**COUNTY OF HIDALGO, TEXAS,**                                    **Appellant,**

**v.**

**MARIA TAYLOR,**                                              **Appellee.**

---

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Benavides

In this interlocutory appeal from the denial of a plea to the jurisdiction, appellant Hidalgo County (County) contends that it conclusively established that its employee was not in the scope of her employment when she struck appellee Maria Taylor in a County-owned vehicle. We affirm.

## I.    BACKGROUND

Taylor alleges that she was traveling on East Business 83 when Marlene Vasquez, driving a County-owned vehicle, failed to control her speed and collided with Taylor's vehicle, causing Taylor serious injuries. Taylor filed suit against both Vasquez and the County, alleging that Vasquez was in the scope of her employment with the County at the time of the accident, and therefore, the County's immunity was waived under § 101.021(1)(A) of the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A).

Approximately two weeks after being served with Taylor's petition, the County filed a motion under § 101.106(e) of the TTCA, seeking to compel Vasquez's mandatory dismissal from the suit. *See id.* § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."). Accordingly, that same day, Taylor voluntarily amended her petition by omitting Vasquez.

The County subsequently filed a plea to the jurisdiction contesting Taylor's allegation that Vasquez was in the scope of her employment at the time of the accident. The County primarily relied on the transcript of Vasquez's deposition, where she testified that she is employed as a fraud investigator for the County Tax Office, her work hours are from 8:00 a.m. until 5:00 p.m., and she was driving home when the accident occurred around 5:45 p.m. These facts, according to the County, rebutted the presumption that Vasquez was in the scope of her employment when the accident occurred.

Vasquez also testified that she is not permitted to use the vehicle for personal use,

she did not make any stops or detours before the accident, and the County pays for the vehicle's gas. According to Taylor, these facts raised a genuine issue of material fact as to whether Vasquez was in the scope of her employment at the time of the accident.

The trial court denied the plea, and this interlocutory appeal followed. *See id.* § 51.014(a)(8).

## II.   STANDARD OF REVIEW & APPLICABLE LAW

Subject matter jurisdiction is essential to a court's authority to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). A plaintiff must plead facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Fleming v. Patterson*, 310 S.W.3d 65, 68 (Tex. App.—Corpus Christi–Edinburg 2010, pet. struck) (citing *Tex. Air Control Bd.*, 852 S.W.2d at 446).

Sovereign immunity protects the State and its agencies from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over the plaintiff's claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). Governmental immunity offers the same protections for political subdivisions of the State. *Id.* To prevail on a claim of immunity, the governmental defendant "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a defendant challenges the existence of jurisdictional facts, the analysis "mirrors that of a traditional summary judgment." *Tex.*

3

*Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012)). Accordingly, when a governmental entity establishes the absence of a jurisdictional fact, the burden shifts to the plaintiff to raise a genuine issue of material fact for the jury to resolve; otherwise, the trial court should rule on the plea as a matter of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

"Hidalgo County, as a political subdivision of the State, generally enjoys sovereign immunity from tort liability, unless immunity has been waived by the [TTCA]." *Hidalgo County v. Gonzalez*, 128 S.W.3d 788, 796 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002)). Under the TTCA, the County is vicariously liable for automobile accidents caused by its employees during the scope of their employment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A). Conversely, the TTCA's waiver of immunity is not triggered if the employee was acting outside the scope of their employment at the time of the accident. *See id.*

The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5). Stated in the negative, "an employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014) (per curiam) (cleaned up) (quoting RESTATEMENT (THIRD) OF AGENCY

4

§ 7.07(2) (2006)). The critical inquiry is whether "a connection exists between the employee's job duties and the alleged tortious conduct." *Garza v. Harrison*, 574 S.W.3d 389, 401 (Tex. 2019) (cleaned up).

Generally, an employee is not in the scope of employment while traveling to and from work. *Tex. Gen. Indem. Co. v. Bottom*, 365 S.W.2d 350, 353 (Tex. 1963). As is the case here, there is a rebuttable presumption that an employee was in the scope of employment if the employer owns the vehicle and regularly employs the driver. *See Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971). Once the presumption is rebutted, though, the employer's ownership of the vehicle and employment of the driver are insufficient to raise the issue. *Id.* at 358. The presumption is a rule of procedure that "vanishes" when contrary evidence is presented. *Id.* The burden then shifts to the plaintiff to produce evidence that the driver was in the scope of employment. *Id.*

### III.    ANALYSIS

The County contends that the trial court erred in denying its plea to the jurisdiction because (1) the County successfully rebutted the presumption that Vasquez was in the scope of employment when the accident occurred, and (2) Taylor failed to respond with evidence raising a fact issue. However, by previously filing a motion to dismiss Vasquez under § 101.106(e), the County confirmed that Vasquez was acting within the scope of employment and that the County, not Vasquez, was the proper party. *See Tex. Adjutant Gen.'s Off. v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013).

The election-of-remedies provisions of the TTCA are generally designed to funnel

5

claims away from government employees and towards their government employers. *Garcia*, 253 S.W.3d at 657 ("It is true, as Garcia claims, that the [TTCA's] election scheme is intended to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer." (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e), (f))). As previously mentioned, under § 101.106(e), "[i]f a suit is filed under [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). Filing a motion under § 101.106(e) is a discretionary decision by the governmental unit. *Ledesma v. City of Houston*, 623 S.W.3d 840, 847 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (first citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e); and then citing *Univ. of Tex. Health Sci. Ctr. at Hous. v. Rios*, 542 S.W.3d 530, 538 (Tex. 2017)). When filing such a motion, "the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party." *Ngakoue*, 408 S.W.3d at 358.

"The governmental unit is in the best position to know whether its employee acted in the course and scope of employment." *Ledesma*, 623 S.W.3d at 847 (citing *Ngakoue*, 408 S.W.3d at 359); *e.g.*, *Ramos v. City of Laredo*, 547 S.W.3d 651, 656 (Tex. App.—San Antonio 2018, no pet.) ("The City was in the best position to know whether Guerra was acting in the scope of employment at the time of the accident."). If the employee was not acting in the scope of employment, as the County now contends, then the governmental unit can move to dismiss the claims against it for want of jurisdiction.

6

*Ledesma*, 623 S.W.3d at 848 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)). "However, by moving to dismiss claims against its employee under subsection (e), the governmental unit judicially admits that the employee was acting in the scope of employment and agrees to vicariously defend its employee." *Id.* (citing *Ngakoue*, 408 S.W.3d at 358); *Ramos*, 547 S.W.3d at 655–56 (concluding city's motion under § 101.106(e) "amounted to a judicial admission that [its employee] was acting in the scope of employment"). This judicial admission bars the governmental unit from subsequently contesting the scope-of-employment issue. *Ledesma*, 623 S.W.3d at 848; *Ramos*, 547 S.W.3d at 656.

Here, Taylor filed suit with the information she had available to her: Vasquez was driving a County-owned vehicle when the accident occurred, raising a presumption that she was in the scope of employment. *See Robertson*, 468 S.W.2d at 357. Conversely, the County was in the best position to know that Vasquez, as she would later testify, worked from 8:00 a.m. until 5:00 p.m. that day and was driving home when the accident occurred. *See Ledesma*, 623 S.W.3d at 847; *Ramos*, 547 S.W.3d at 656. Yet, instead of asking the trial court to dismiss the claims against it, the County elected to immediately file a motion to have Vasquez dismissed from the suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(1), 101.106(e). In doing so, the County judicially admitted that Vasquez was in the scope of employment when the accident occurred. *See Ledesma*, 623 S.W.3d at 848; *Ramos*, 547 S.W.3d at 655–56. Because the County was barred from subsequently taking a contrary position, the trial court did not err in denying the County's plea to the jurisdiction. *See Ledesma*, 623 S.W.3d at 848; *Ramos*, 547 S.W.3d at 656.

7

The County's issue is overruled.

## IV.   CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
21st day of July, 2022.

8